E. J. Biggs, Assignee of E. J. Biggs Construction Company, Appellant, v. Emil Schwalge et al., Trading as Brunswick Fronts, not incorporated, Appellees.

Gen. No. 45,017.

Heard in the second division of this court for the first district at the December term, 1949. Opinion filed June 13, 1950. Rehearing denied June 22, 1950. Released for publication June 26, 1950.

EUSEBIUS J. BIGGS, *pro se,* for appellant.

No appearance, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff filed suit for $440.40 alleged to be due on an oral contract between defendants and E. J. Biggs Construction Co. Plaintiff, a layman, appeared *pro se.* A motion to strike his original complaint was sustained and thereafter followed an assortment of documents entitled "First Amended Complaint," "New Amended Complaint," "Second Amended Complaint," "Alternate Second Amended Complaint," "Motion to Admit Certain Facts," "Motion for Summary Judgment, etc.," "Motion for Judgment on the Pleadings," and "Motion for Change of Venue." The court first

urged and finally ordered plaintiff to employ an attorney at law, but he refused to do so, and the court dismissed his case, from which order plaintiff appeals. No brief has been filed for appellees.

Plaintiff alleges that he is the legal assignee of the E. J. Biggs Construction Co., and that he ''controls the corporation, now owns this chose in action which has heretofore been set forth, by virtue of the assignment to him by the said corporation for the sum of $1.00 and other good and valuable considerations. . . .''

In his brief he says: ''For reasons he does not have to disclose here, this plaintiff owns all the stock in the E. J. Biggs Construction Co., an Illinois corporation, and while he manages the corporation, as a matter of Public Record with the State of Illinois, the office of President, Secretary and Treasurer are held by persons other than himself, and while he has the authority to issue an assignment of any corporation account to himself, *because of his knowledge of the law,* when he takes an assignment of an account from the corporation, that assignment is done with the knowledge and consent of the President and one or more of the directors of the E. J. Biggs Construction Co., and is made in writing under seal, and as a matter of record on the books of the corporation the sum never exceeded 2% per year of the gross sales.''

His brief further recites that he has appeared *pro se* in several cases; ''has a good law library of his own, likes to and does study law, and in the court year covering 1943 and 1944 he obtained judgments totaling $19,700.00, winning six cases against some reputable law firms in this city, so the law firms and he, have a better opinion of his ability to represent himself than the Honorable DONALD McKINLAY would like this court to believe exists.'' He further boasts that ''in the year 1936, in the case known as . . . in which Biggs was

270

represented by the law firm of . . . , a jury awarded a judgment against Biggs for $5500 and included a malice count in the judgment. A motion for a new trial was made, and on a technicality was secured. Biggs paid off [his lawyers], a new trial was had, Biggs appeared pro se in a case tried before a jury and at the close of the plaintiff's case, with two motions, defendant Biggs (plaintiff herein) received a directed verdict in the case. The amount involved was $10,000.''

██ Plaintiff seeks to convince this court of his qualifications for the practice of law. That, however, is not the issue. The question is whether the statute which prohibits the practice of law by any person not admitted to the bar has been violated. (Par. 1, ch. 13, Ill. Rev. Stat. 1949 [Jones Ill. Stats. Ann. 9.01].) Plaintiff contends that he comes within the exception of section 11, which permits plaintiffs and defendants to defend in their own proper person. An assignment cannot be used as a subterfuge to enable plaintiff to indulge his overwhelming desire to practice law, without complying with the requirements for admission to the bar. *People v. Tinkoff,* 399 Ill. 282.

██ In the case of *New Jersey Photo Engraving Co. v. Carl Schonert & Sons,* 95 N. J. Eq. 12, 122 Atl. 307 (New Jersey, 1923, Chancery) a corporation was prohibited from acting in court by an attorney in fact. It is obvious from his own brief that this is what plaintiff is attempting to do. Being in control of the corporation, he takes assignments of its claims for the purpose of indulging his desire to practice law. It is a compliment to the profession that it should have this irresistible attraction for some laymen, but the law is clear and in our opinion the order of the trial court was correct. It is hereby affirmed.

*Order affirmed.*

FRIEND, P. J., and SCANLAN, J., concur.