**MERCU-RAY INDUSTRIES, INC., and James Scott Kreager, Plaintiffs,**

v.

**BRISTOL-MYERS COMPANY et al., Defendants.**

**No. 73 Civ. 3225.**

United States District Court, S. D. New York.

June 25, 1974.

James Scott Kreager, pro se.

Weil, Lee & Bergin, New York City, for defendants; by Alfred T. Lee, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

The complaint in this case alleges that violations of the federal antitrust laws, 15 U.S.C. §§ 1, 2 § 15, prevented the corporate plaintiff from exploiting its patented sign device and prevented the individual plaintiff, as officer and sole stockholder of the corporate plaintiff, from obtaining the profits and use thereof. This case is related to two other cases which have recently been affirmed by the Second Circuit on a consolidated appeal. Kreager v. General Elec. Co., 497 F.2d 468 (2d Cir. May 13, 1974). In one of those consolidated cases (68 Civ. 944) a jury trial had resulted in a verdict for the defendants and I dismissed the other (73 Civ. 2863) as barred by *res judicata*.

In the present case the defendants moved to dismiss on the grounds that the corporate plaintiff was not represented by counsel and that the individual plaintiff failed to state a cause of action. When on the argument of this dismissal motion the corporate plaintiff was represented by counsel, that portion of the motion was denied and the individual plaintiff was granted leave to replead his causes of action. An amended complaint was thereafter served and filed but the plaintiff corporation's counsel

has withdrawn from the case in an acrimonious dispute with the individual plaintiff.

The defendants again move to dismiss the complaint because the corporate plaintiff is not represented by counsel and the repleaded complaint still fails to set out claims upon which the individual plaintiff can recover.

■ The law is absolutely clear that a corporation cannot appear *pro se* in federal court. In re Highley, 459 F.2d 554, 555 (9th Cir. 1972); United States v. 9.19 Acres of Land, Marquette Co., Mich., 416 F.2d 1244, 1245 (6th Cir. 1969); Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967). The individual plaintiff has attempted to obviate the fact that his corporation is not represented by counsel by assigning all rights in the corporate causes of action to himself and then pressing those claims *pro se.* In order to effectuate this plan the individual plaintiff has made a motion to change the title of the action from Mercu-Ray Industries, Inc., plaintiff, to James Scott Kreager, plaintiff.

Kreager had made a similar motion before the Second Circuit when the two cases referred to above were pending on appeal and that motion was granted for the purpose of allowing him to argue the appeal *pro se.* Kreager now argues that the Second Circuit order of November 7, 1973, granting the motion, controls this case and that I have no choice but to approve the change in title. Defendants, however, argue that the November 7, 1973 order has no precedential value because it was granted only for the purposes of the appeal and only in the absence of any opposition. The relevant portion of the disputed order provides:

> It is hereby ordered that the motion made herein by James Scott Kreager pro se to amend the party appellant in this action and change the title to James Scott Kreager v. General Electric Company et al, be and it hereby is granted pursuant to Fed.R.App.P. 43, *without prejudice to appellees' rights to contest the validity or effectiveness of the alleged assignment . . . .* (emphasis added)

■ Though the Court of Appeals by the above italicized language specifically preserved the right of the appellees to contest both the validity and effectiveness of the assignment, none of the appellees did contest it "for reasons of their own". Affidavit of E. Inselbuch, p. 2 (Nov. 20, 1973). In light of the Second Circuit's explicit reservation of the appellees' right to contest the assignment and in light of the appellees' failure to accept this invitation, I find that the order of November 7, 1973, permitting Kreager to change the title and appear *pro se* in the appellate court on a related case, was not a determination on the merits and is therefore not controlling in this case where the defendants do contest the "effectiveness" of the assignment.

■ The "validity" of the assignment, i. e., the following of proper corporate procedures and the giving of consideration, is not challenged by the defendants and, therefore, for the purpose of these motions I will assume that the assignment was properly executed. Further, the law is settled that a treble damage antitrust claim can be assigned. D'Ippolito v. Cities Service Co., 374 F.2d 643, 647 (2d Cir. 1967); Hicks v. Bekins Moving & Storage Co., 87 F.2d 583, 585 (9th Cir. 1937); United Copper Securities Co. v Amalgamated Copper Co., 232 F. 574, 577–78 (2d Cir. 1916); Isidor Weinstein Investment Co. v. Hearst Corp., 305 F.Supp. 646, 649 (N.D.Cal. 1969).

The facts and law set forth above present the following question: Should a corporation be permitted to thwart the public policy of not allowing it to appear *pro se* by the procedural technicality of an assignment of the claim to its sole stockholder?

Though federal law is controlling in this antitrust suit, Isidor Weinstein Investment Co. v. Hearst Corp., *supra,* at 648–49, no federal case directly on point

could be found nor was any cited by the parties. However, dicta in an opinion of the United States Court of Appeals for the District of Columbia does address this question. On grounds of policy, but without citation, the court there stated:

"It cannot be doubted, we think, that an assignment of a claim against another, made solely for the purpose of permitting the assignee—not an attorney—to conduct the litigation in proper person, would be colorable only and, therefore, insufficient to accomplish the purpose . . . ."

Heiskell v. Mozie, 82 F.2d 861, 863 (D. C.Cir. 1936). Since the facts in *Heiskell* showed an agency and not an assignment and, further, since the agent in *Heiskell* was not the real party in interest, the case could be distinguished. Its dicta is, nevertheless, the closest federal authority on the question presented here.

State law, while more directly on point, is in conflict. In 1972 the Appellate Division of the New York Supreme Court held that a corporation could assign a chose in action to its sole stockholder even though the sole purpose of the assignment was to circumvent the statutory prohibition against corporations appearing *pro se*. Kamp v. In Sportswear, Inc., 39 App.Div.2d 869, 332 N.Y.S.2d 983 (1st Dep't 1972). In reaching this per curiam decision the Appellate Division reversed the judgment below (70 Misc.2d 898, 335 N.Y.S. 2d 306) and relied exclusively on the two paragraph dissent of Mr. Justice Lupiano. The gist of this dissent was that if the assignment was technically valid the motive underlying it was immaterial. The New York court did not discuss Biggs v. Schwalge, 341 Ill.App. 268, 93 N.E.2d 87 (1st Dist. 1950), a case based on nearly identical facts, in which the Appellate Court of Illinois reached a directly contrary result. In *Biggs* the sole stockholder of a corporation routinely had the corporation's claims assigned to him and he litigated the cases *pro se*. When the defendant in one of those cases moved to strike the complaint, the court "first urged and finally ordered plaintiff to employ an attorney". When the plaintiff refused to do so the complaint was dismissed. In affirming the dismissal the Appellate Court stated:

"Being in control of the corporation, [plaintiff] takes assignments of its claims for the purpose of indulging his desire to practice law. It is a compliment to the profession that it should have this irresistible attraction for some laymen, but the law is clear and in our opinion the order of the trial court was correct."

See also People ex rel. Chicago Bar Ass'n v. Tinkoff, 399 Ill. 282, 77 N.E.2d 693 (1948); Remole Soil Service, Inc. v. Benson, 68 Ill.App.2d 234, 215 N.E.2d 678 (4th Dist. 1966).

Since there thus appears to be no *per se* rule on *pro se* representation by a sole stockholder-assignee, the policy behind requiring a corporation to appear by counsel assumes great significance. For example, if the purpose of the rule was to protect the stockholders of the corporation then in a case such as this where the assignee is the sole stockholder, there would seem to be less validity in forcing him to appear by counsel. A study of the relevant cases shows, however, that the policy behind the rule is not the protection of stockholders but the protection of the courts and the administration of justice. "The authorities in Federal Courts . . . are uniform in holding that a corporation can do no act except through its agents and that such agents representing the corporation in Court must be attorneys at law who have been admitted to practice, are *officers of the Court and subject to its control*." MacNeil v. Hearst Corp., 160 F. Supp. 157, 159 (D.Del.1958). In holding that a corporation could not be represented by its non-attorney president but would have to be represented by an attorney, the Third Circuit adopted the position of the district court judge who wrote: "The confusion that has resulted in this case from pleadings awkwardly drafted and motions inarticulately presented likewise demonstrates the wis-

dom of such a policy." Simbraw, Inc. v. United States, 367 F.2d 373, 375 (3d Cir. 1966). See also Brandstein v. White Lamps, Inc., 20 F.Supp. 369, 370 (S.D.N.Y.1937).

■ Since the purpose of the rule requiring corporations to appear by an attorney is to ensure that the court has greater control over the management and administration of the case, that purpose would certainly be thwarted were Kreager permitted to prosecute this case *pro se*. The complaint alleges violations of both the Sherman Act, 15 U.S.C. §§ 1 & 2, and the Clayton Act, 15 U.S.C. § 15, as well as pendent "fraud" claims. The preparation and presentation of a multi-billion dollar antitrust suit generally presents even the most competent lawyer with great difficulties which require skill and expertise to overcome. Unfortunately, Kreager has failed to show either skill or expertise. To allow Kreager to appear *pro se* in this suit would be allowing him to flout a well-established and purposeful public policy by means of a procedural device. Kreager chose to accept the advantages of incorporation and must now bear the burdens of that incorporation; thus, he must have an attorney present the corporation's legal claims. Defendants' motions to dismiss Counts I and II of the complaint are granted.

■ In Count III Kreager seeks to recover for alleged antitrust violations which damaged him in his individual capacity as stockholder, officer and director. The defendants' motion to dismiss this count is granted because Kreager has no standing to assert these indirect private antitrust claims. Bookout v. Schine Chain Theatres, Inc., 253 F.2d 292 (2d Cir. 1958); Productive Inventions, Inc. v. Trico Products Corp., 224 F.2d 678 (2d Cir. 1955) cert. denied, 350

U.S. 936, 76 S.Ct. 301, 100 L.Ed. 818 (1956); Timberlake, The Legal Injury Requirements and Proof of Damages in Treble Damage Actions Under the Antitrust Laws, 30 Geo.Wash.L.Rev. 231, 243–46 (1961); Note, Standing to Sue for Treble Damages Under Section 4 of the Clayton Act, 64 Colum.L.Rev. 570, 581–88 (1964).

In Kreager v. General Elec. Co., 497 F.2d 468 (2d Cir. May 13, 1974) Judge Timbers specifically considered the question of Kreager's standing to assert the individual antitrust claims and concluded: "It is well settled that a stockholder is not a person injured in his business or property within the meaning of the antitrust laws. Kreager lacked standing to bring a private antitrust action to recover for damages for injuries allegedly sustained by his corporation." *Id.* at 472.

■ The final count, Count IV attempts to assert claims of "fraud and deceit" on behalf of Kreager as individual. This count contains only conclusory allegations of fraud and is therefore dismissed pursuant to Rule 9(b) of the Federal Rules of Civil Procedure which mandates that "the circumstances constituting fraud . . . shall be stated with particularity".

Having dismissed all four counts in the complaint, all of the sundry motions filed by the plaintiffs since the defendants' motion to dismiss are now mooted except the plaintiffs' requests: (1) that I recuse myself from this case since I am "in collusion" with Judge Weinfeld of this Court to deprive plaintiffs of their rights; and (2) that the questions arising out of this case be immediately certified to the United States Supreme Court for determination. As to these motions they are denied in all respects.

So ordered.