THE LAZY 'L' FAMILY PRESERVATION TRUST, by Donald Tangwall, its Adverse Party Trustee, Plaintiff-Appellant, v. FIRST STATE BANK OF PRINCETON, Defendant-Appellee.

Second District   No. 2—87—0663

Opinion filed March 14, 1988.

Donald A. Tangwall, of Sublette, appellant *pro se.*

Stephen A. Kouri, of Vonachen, Lawless, Trafer & Slevin, of Peoria, for appellee.

JUSTICE NASH delivered the opinion of the court:

This is an appeal from an order of the circuit court of Lee County which dismissed a complaint for relief from judgment filed by plaintiff, Donald A. Tangwell, who brought the action as "adverse party trustee" of the Lazy 'L' Family Preservation Trust.

On February 2, 1987, plaintiff filed a complaint which alleged that defendant, First State Bank of Princeton, had obtained a judgment by confession against the Lazy 'L' Family Preservation Trust, and that plaintiff was an assignee of a chose of action pertaining to this case. The complaint apparently sought relief from a judgment by confession which was entered on April 15, 1985, and confirmed on October 17, 1985, by the circuit court of Bureau County, Illinois. Plaintiff asked that the judgment by confession, the sale of real estate in Lee County pursuant to that judgment, and the notes upon which the judgment was based to be declared null and void. Attached to the complaint was a document entitled "Assignment of Chose in Action" by which Kenneth L. Leffelman and Marguerite A. Leffelman purported to assign to plaintiff any cause of action they might have against the defendant bank.

On February 24, 1987, defendant moved to dismiss the complaint on the ground that plaintiff was not an attorney and could not represent the trust, that all matters contained in plaintiff's complaint had

been decided in a Bureau County case (*First State Bank v. Leffelman* (1987), 160 Ill. App. 3d 394, 513 N.E.2d 610 ), and that plaintiff's action was brought for the sole purpose of harassing the defendant. The motion to dismiss also requested that plaintiff be enjoined from filing any new action against defendant without leave of court.

On February 27, 1987, plaintiff filed a motion for summary judgment, supported by his affidavit and attached exhibits. The motion alleged that there was no issue of material fact raised by defendant's motion to dismiss, and that since defendant never alleged that a Bureau County court had jurisdiction "[t]he principal [*sic*] of res judicata is totally off point in this action." The plaintiff's affidavit stated that the power to represent the Lazy 'L' Family Preservation Trust was given to him by the trust indenture, that he never hired an attorney to represent the trust, and that as "adverse party trustee" he is the only party who could hire an attorney to represent the trust.

Attached to the plaintiff's affidavit in support of his motion for summary judgment was a copy of a declaration of trust. This document identifies Kenneth L. Leffelman as trustor of the Lazy 'L' Family Preservation Trust, and designates Marguerite A. Leffelman and Edwardine A. Grobe as trustees of the trust assets. The declaration of trust also identifies the following persons as beneficiaries of the trust: Marguerite A. Leffelman, Edwardine A. Grobe, Edward H. Leffelman, Gary L. Leffelman, Barbara J., and Terrance M. Leffelman. Paragraph 42 of the trust document states that disbursement of funds requires the majority approval of the trustees, but that a trust manager may be appointed with certain limited powers to make necessary disbursements in the due course of ordinary business, subject to the approval of the trustees. Paragraph 47 of the declaration of trust states that certain specified disbursements to satisfy a legal obligation of the trustor requires the approval of an "adverse party trustee."

Also attached to plaintiff's affidavit in support of his motion for summary judgment were minutes of a meeting of the board of trustees held October 4, 1983, which state that since the trust is a private trust none of the activities performed by the trustees "can in any way be construed as a practice of law." The minutes also state that on December 15, 1983, the trustees elected plaintiff to serve as "adverse party trustee" for life, and secretary of the trust to be responsible for the trust's records.

The trial court, after considering the above documents and provisions, found that plaintiff lacked authority to legally represent the trust, and enjoined plaintiff from: (1) preparing legal documents on

behalf of the trust; (2) rendering legal opinions to the trust or trustees; (3) appearing in court on behalf of the trust; and (4) preparing trust documents. In light of its ruling, the trial court did not consider the merits of plaintiff's motion for summary judgment and dismissed the complaint.

■■ ■ We first address defendant's contention that plaintiff's brief lacks pertinent argument or legal authority, and should be stricken pursuant to Supreme Court Rule 341(e) (107 Ill. 2d 341(e)). We agree. The brief consists of one paragraph of argument, and does not include any citations to case authority or statute in support of plaintiff's argument as is required by Supreme Court Rule 341(e)(7). (107 Ill. 2d 341(e)(7).) The brief merely refers this court to "Maritndale hubbell" [*sic*], and to over 100 pages of Corpus Juris Secundum. Moreover, the brief does not include references to pages of the record on appeal as is required by Supreme Court Rule 341(e)(6). (107 Ill. 2d 341(e)(6).) The reply brief filed by plaintiff does nothing to cure these deficiencies. In *Bank of Ravenswood v. Maiorella* (1982), 104 Ill. App. 3d 1072, 1074, 433 N.E.2d 1044, the court set forth the applicable law as follows:

> "A reviewing court is entitled to have issues clearly defined, to be cited pertinent authorities, and is not a depository in which an appellant is to dump the entire matter of pleadings, court action, argument and research upon the court. [Citation.] Failure to properly or informatively state errors relied upon for reversal makes it impossible for a reviewing court to determine issues sought to be raised and justifies dismissal of the appeal. [Citation.]"

(See also *47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 232-33, 371 N.E.2d 294.) It is not the duty of the reviewing court to search the record to determine what the real issues in a contest are, nor to seek material for the disposition of such issues. (*Biggs v. Spader* (1951), 411 Ill. 42, 45, 103 N.E.2d 104, *cert. denied* (1952), 343 U.S. 956, 96 L. Ed. 1356, 72 S. Ct. 1051.) Since plaintiff's brief fails to meet the minimum standards required, the appeal must be dismissed.

■ It is also apparent from the record that plaintiff lacked authority to act for the Lazy 'L' Family Preservation Trust in this matter. We find nothing in the trust documents which authorizes him to represent the trust in legal proceedings, and there is no express or implied authority granting the "adverse party trustee" such authority. Plaintiff is not the sole trustee, and he agrees in his reply brief that he cannot represent the interests of the other trustees or the benefi-

ciaries of the Lazy 'L' Family Preservation Trust. This being the case, plaintiff's argument that he has authority to represent the trust is without merit.

█ Even if plaintiff had been specifically authorized by the trustees and beneficiaries to represent the trust in legal proceedings, we agree with the trial court's conclusion that such authority would not permit him to practice law without a license. In *Biggs v. Schwalge* (1950), 341 Ill. App. 268, 93 N.E.2d 87, a party who claimed to be the sole owner of all the stock in a corporation was denied the right to prosecute a claim for the corporation. The court in *Biggs* noted that "[a]n assignment cannot be used as a subterfuge to enable plaintiff to indulge his overwhelming desire to practice law without complying with the requirements for admission to the bar." (*Biggs*, 341 Ill. App. at 271; see also *People ex rel. Chicago Bar Association v. Tinkoff* (1948), 399 Ill. 282, 77 N.E.2d 693.) A trust document purporting to authorize a trustee to practice law does not empower him to do so.

Appeal dismissed.

INGLIS and REINHARD, JJ., concur.