108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
LUPOWITZ, INC., individually and derivatively on behalf of
Eclipse Holdings, Inc., Plaintiff-Appellee,
v.
ECLIPSE HOLDINGS, INC. and Cobb Partners, Inc.
Richard C. BARTEL, Dana Noel McKinley and EDNA McKinley,
Movants-Appellants.
 No. 96-7790.
 United States Court of Appeals, Second Circuit.
 March 21, 1997.
 
 Richard C. Bartel, pro se, Chevy Chase, Maryland
 Dana and Edna McKinley, pro se, Miamim, Florida
 Before CARDAMONE, JACOBS, CABRANES Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York (Chin, J.), and was taken on submission.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.
 
 
 2
 Richard C. Bartel, Dana Noel McKinley and Edna L. McKinley, pro se, appeal from an order of the United States District Court for the Southern District of New York (Chin, J.) granting their motions to be substituted as counter-plaintiffs to prosecute the counterclaims of Eclipse Holdings, Inc. ("Eclipse Holdings") on the condition that they acquire counsel. Bartel and the McKinleys argue that the district court improperly required them to obtain counsel since Eclipse Holdings, a corporation, has no remaining interest in the case. We reject this argument and affirm substantially for the reasons stated in the district court's opinion.
 
 
 3
 In March 1994, Lupowitz, Inc. commenced a civil action against Eclipse Holdings and Cobb Partners, Inc. in the New York State Supreme Court. The defendants removed the action to federal court and Eclipse Holdings filed counterclaims against Lupowitz. In September 1995, Lupowitz discontinued its claims against Eclipse Holdings and the other defendant. Eclipse Holdings's counterclaims remained pending.
 
 
 4
 The district court was informed at a status conference in December 1995 that the interests of Eclipse Holdings in its counterclaims had been assigned to shareholders Richard Bartel and Dana and Edna McKinley, and that Eclipse Holdings would no longer be pressing any claims in this lawsuit. Judge Chin dismissed the pending counterclaims without prejudice to the claims of Bartel and the McKinleys. The court stated that it would thereafter decide Bartel's and the McKinleys's motions to be substituted for Eclipse Holdings or to intervene. Thereafter, the case was "closed for purposes of the Court's records" since all claims had been dismissed. See Lupowitz, Inc. v. Eclipse Holdings, Inc., 94 civ. 2916 (S.D.N.Y. May 30, 1996). However, the court also stated that the motions for substitution or intervention requested, in effect, that the case be reopened.
 
 
 5
 In the May 1996 order, the district court granted Bartel's and the McKinleys' motions to be substituted as counterclaim-plaintiffs so that they could prosecute Eclipse Holdings's counterclaims--on the condition that they obtain counsel. The court ruled that the case would not be reopened unless counsel entered an appearance.
 
 
 6
 On June 26, 1996, Bartel and the McKinleys, pro se, filed a timely notice of appeal of the May 1996 order. In the meantime, they obtained counsel and their attorney filed a notice of appearance in the district court. Since counsel was obtained, it is assumed that the district court case was reopened.
 
 
 7
 The district court properly found that because the counterclaims were assigned from a corporation, Bartel and the McKinleys must be represented by counsel. In Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20 (2d Cir.1983), this Court held that, as a general rule, the assignee of claims by a corporation could not proceed pro se when prosecuting those claims. Id. at 22-23; see also Mercu-Ray Indus., Inc. v. Bristol-Myers Co., 392 F.Supp. 16, 18-20 (S.D.N.Y.), aff'd, 508 F.2d 837 (2d Cir.1974). This Court found that Jones, the sole stockholder and chief executive officer of the corporation, had failed to present a compelling argument that would override the general rule so that he could proceed pro se. Jones, 722 F.2d at 23. In holding that Jones could not proceed pro se, this Court reiterated its view that federal courts have "disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual." Id.
 
 
 8
 Although Bartel and the McKinleys explained in their brief that they wish to be spared the cost of an attorney, they do not allege that the failure to permit them to proceed pro se will prevent them from pursuing their case. On the contrary, they have already succeeded in obtaining counsel. Because they have failed to present any compelling arguments for circumventing the general rule that the assignee of claims from a corporation may not proceed pro se, we conclude that the district court correctly required Bartel and the McKinleys to be represented by counsel.
 
 
 9
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.