In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-3818

MICHAEL TODD, as assignee of VICKI FLETCHER,

*Plaintiff-Appellant,*

*v.*

FRANKLIN COLLECTION SERVICE, INCORPORATED,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:11-cv-06128—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED AUGUST 8, 2012—DECIDED SEPTEMBER 5, 2012

Before BAUER, WOOD and SYKES, *Circuit Judges.*

PER CURIAM. The issue in this appeal is whether the district court properly dismissed the claims purportedly assigned to Michael Todd after determining that he was engaged in the unauthorized practice of law. Todd attempted to purchase claims against Franklin Collection Service, a collection agency, from Vicki Fletcher— who had no relationship to Todd before she assigned

her claims to him. He then sued Franklin for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and for common law negligence. The district court dismissed the complaint after ruling that the assignment was void because Todd was using it merely to attempt to practice law without a license. The court also ruled that Todd failed to state a claim for relief. On appeal Todd argues only that the assignment was valid and that he should have been allowed to amend his complaint. Because the district court correctly ruled that the assignment was void and that Todd did not state valid claims for relief, we affirm the judgment.

In this suit Todd alleges that Franklin failed to inform credit bureaus that it no longer owned a debt from Fletcher and that Fletcher assigned legal claims against Franklin arising from this neglect to Todd. According to the complaint, Fletcher owed a debt of $414 to AT&T that AT&T asked Franklin to collect. Franklin reported the debt to the credit reporting agencies TransUnion and Equifax in September 2010. A few months later, AT&T recalled the debt from Franklin, but Franklin failed to report this to the credit bureaus. Todd alleged that Franklin violated state law by negligently failing to comply with the reporting requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a)(1)(a), (a)(2). (He did not allege a federal-law claim directly under this Act.) He also alleged that Franklin had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, which requires a debt collector to refrain from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

Franklin moved to dismiss the complaint on the grounds that the assignment of claims from Fletcher to Todd contravened public policy and was void because Todd appeared to be using the assignment to engage in the unauthorized practice of law. In support of its argument that Todd was purchasing claims so that he could practice law without a license, Franklin attached a contract in which Fletcher, described as Todd's "client," assigned all her rights, title, and interest in her claims against Franklin in exchange for some form of consideration (the description of the consideration was redacted). Franklin also argued that Todd had failed to allege a violation of the Fair Debt Collection Practices Act and that the Fair Credit Reporting Act preempts Todd's state-law negligence claims. Todd responded that the assignment was valid and that he was not engaged in the unauthorized practice of law because he was representing only himself and pursuing claims that he now owned. He also argued that his complaint stated claims for relief and, if the district court disagreed, that he should be given leave to amend it.

The district court granted Franklin's motion to dismiss. (Although the court relied upon materials submitted outside the pleadings in ruling on the motion, Todd does not object to this aspect of the case or question the validity of the documents, so the court's deviation from proper practice is not an issue. *See Loeb Indus. v. Sumitomo Corp.*, 306 F.3d 469, 479-80 (7th Cir. 2002).) The court first ruled that the assignment of Fletcher's claims to Todd violated Illinois public policy because Todd had been buying claims for the purpose of litigating

them and using the assignments to practice law without a license. The court noted that the assignment contract identified Fletcher as Todd's "client," and that there was no suggestion that Todd had any connection to Fletcher before paying to litigate her claims. The court also took judicial notice of "the many other lawsuits Todd has filed in this district as an assignee of legal claims."

The court ruled in the alternative that Todd had failed to state a claim for relief because his negligence claims were preempted by the Fair Credit Reporting Act. Todd also had not stated a claim under the FDCPA, the court continued, because he had not alleged that Franklin tried to collect the debt after AT&T recalled it. Without that assertion, Todd had not alleged that Franklin used "any false, deceptive or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e. The court did not specifically address Todd's request to amend his complaint other than to dismiss all other motions as moot when it dismissed his complaint.

On appeal, Todd argues that the district court wrongly found that his agreement to pursue Fletcher's legal claims violated Illinois public policy. Todd notes that the Illinois Survival Act, 755 ILCS 5/27-6, provides that damage claims survive the death of the victim and argues that Illinois public policy thus favors assignment of damage claims such as Fletcher's. Todd maintains that he is serving the public interest by pursuing claims to protect consumers from a debt collector's illegal practices. He also maintains that his conduct

does not amount to the unauthorized practice of law because the claims were validly assigned to him and he is thus pursuing only claims that he owns.

The district court correctly ruled that the assignment was void as against public policy because Todd was using it to attempt to engage in the unauthorized practice of law. Illinois public policy forbids the assignment of legal claims to non-attorneys in order to litigate without a license. *See King v. First Capital Fin. Servs. Corp.*, 828 N.E.2d 1155, 1166 (Ill. 2005) (discussing *People ex rel. Chicago Bar Ass'n v. Tinkoff*, 77 N.E.2d 693 (Ill. 1948), in which Illinois Supreme Court found that disbarred attorney who litigated assigned claims pro se was engaged in subterfuge" to deceive court about real parties in interest and practice law without license); *Chicago Bar Ass'n v. Quinlan and Tyson, Inc.*, 214 N.E.2d 771, 775 (Ill. 1966) (protection of the public requires that only licensed attorneys provide legal advice for consideration); *Lazy 'L' Family Pres. Trust v. First State Bank of Princeton*, 521 N.E.2d 198, 200-01 (Ill. App. Ct. 1988) (holding that plaintiff pursuing assigned claims pro se was engaged in unauthorized practice of law); *Biggs v. Schwalge*, 93 N.E.2d 87, 88 (Ill. App. Ct. 1950) ("An assignment cannot be used as a subterfuge to enable plaintiff to indulge his overwhelming desire to practice law, without complying with the requirements for admission to the bar."). As the district court noted, the evidence submitted (the validity of which, again, Todd does not dispute) shows that Todd created a business providing legal advice and repeatedly agreed to purchase claims in order to litigate them in state and federal court. It does

not matter whether these claims would be assignable under the Illinois Survival Act because "a cause of action cannot be assigned if such assignment violates public policy, even if such an action would otherwise survive the death of the owner." *Kleinwort Benson N. Am., Inc. v. Quantum Fin. Servs., Inc.*, 692 N.E.2d 269, 274 (Ill. 1998). By attempting to litigate Fletcher's claims through the guise of an assignment, Todd sought to practice law without a license, and therefore the assignment violated public policy.

Todd argues that the district court erred by denying him leave to amend his complaint to remedy any insufficiency in his allegations under the FDCPA. He notes that he asked the court for leave to amend in his response to Franklin's motion to dismiss. But the district court did not abuse its discretion by dismissing the complaint without allowing Todd to amend it, especially given that, as Franklin points out, amendment would be futile after the court found that the assignment of the claims was void. *See Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943-44 (7th Cir. 2012); *Owens v. Hinsley*, 635 F.3d 950, 956 (7th Cir. 2011); *Crestview*, 383 F.3d at 558.

We note for completeness that the district court also properly found that even if the assignment was not void, Todd fails to state a claim for relief. FCRA explicitly preempts state-law claims alleging violations of the federal act. 15 U.S.C. § 1681t(b)(1)(F); *Purcell v. Bank of Am.*, 659 F.3d 622, 623-25 (7th Cir. 2011). Todd does not attempt to bring a claim directly under the FCRA, nor could he, because the section of the Act

Franklin allegedly violated, 15 U.S.C. § 1681s-2, does not create a private right of action. *See Purcell*, 659 F.3d at 623. And because Todd never alleged that Franklin attempted to collect the debt after it was recalled, he has not made out a claim that Franklin made a false, deceptive, or misleading representation "in connection with the collection of a debt" under the FDCPA. 15 U.S.C. § 1692e; *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008); *Mattson v. U.S. West Commc'ns, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992).

Accordingly, we AFFIRM the judgment of the district court.