JONES, et al.

v.

DACOSTA, et al.

Civil No. K–95–469.

United States District Court,
D. Maryland.

June 18, 1996.

**224**

Roland S. Jones, Salisbury, Maryland, for plaintiffs.

Gerald R. Vetter, Baltimore, Maryland, for defendants.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Senior District Judge.

(1) Reference is hereby made to defendant Leonard F. Binder's motion to dismiss the individual plaintiff's claims against him for lack of subject matter jurisdiction. Pursuant to Federal Civil Rule 12(h)(3), that motion will be granted as to defendant Leonard F. Binder. As to the allegations of the individual plaintiff against all other defendants in this case, those allegations will be dismissed for related reasons pursuant to that same Rule.

(2) Two plaintiffs, Roland S. Jones and R.S. Jones Co., Inc., both citizens of Maryland, initially brought this action against four defendants under what appeared to be a common law breach of contract and/or fraud theory.[1] Two of those defendants appear to be citizens of Portugal, and two to be citizens of Florida. Plaintiffs together claimed damages of $75,458.19, plus interest, and also demanded $150,000 to be deposited in escrow to cover unspecified legal fees. Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) was seemingly present when this case was initiated in so far as the corporate plaintiff is concerned, because of the diverse citizenships and the fact that the corporate plaintiff claimed in excess of $50,000. *See* paragraph (4), *supra. See also* 14A C. Wright, et al., *Federal Practice and Procedure*, § 3704 at 71–95. (2d ed. 1985), discussing the issue of aggregation of claims of multiple plaintiffs growing out of the same factual base. That latter issue need not be resolved herein in view of the fact that the claims of the corporate plaintiff itself exceed $50,000 and supplemental jurisdiction over the individual plaintiff's claims is apparently available. *See* paragraph (6), *supra.*

(3) The individual plaintiff sought to represent both himself and the corporate plaintiff, of which he apparently is president, *pro se.* Under Local Rule 101.1.a., a corporation may not represent itself. Furthermore, a corporation may not assign its interest in a case to a person who owns all of the stock in the corporation in order to permit that latter person as an assignee to represent itself *pro se* in connection with the said claim. *Jones v. Niagara Frontier Transp. Auth.,* 722 F.2d 20, 22–23 (2d Cir.1983). Accordingly, in a Memorandum and Order of May 1, 1996, this Court dismissed R.S. Jones Co, Inc. as a party in this case.

(4) On May 13, 1996, defendant Leonard F. Binder filed a motion to dismiss the claims against him of the individual plaintiff for lack of subject matter jurisdiction. He noted that the documents filed with the complaint indicated that, of the $75,458.19 in damages claimed, only $21,899.41 is allegedly owed to the individual plaintiff. As of June 10, 1996, that plaintiff has not filed a response to that motion.

(5) The burden of establishing subject matter jurisdiction in a federal district court rests with the party seeking to invoke that jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.,* 298 U.S. 178, 182, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936). Although plaintiff has not responded to the pending motion to dismiss, this Court will examine the documents which plaintiff has filed to determine if he has carried his burden.

(6) This Court would seem to have subject matter jurisdiction over the claims of the individual plaintiff, if at all, under the doctrine of supplemental jurisdiction, 28 U.S.C.

---

**1.** The cause of action was not specified in the complaint, but because the individual plaintiff is proceeding *pro se,* this Court will construe his complaint liberally, as required under *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 701, 70 L.Ed.2d 551 (1982).

§ 1367.[2] That doctrine provides that, in any civil action over which a federal district court has original jurisdiction, the court also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The statute further provides that a district court may decline to exercise supplemental jurisdiction in certain instances, including cases where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

(7) That provision applies in a diversity case where the amount in controversy falls below the $50,000 threshold required under 28 U.S.C. § 1332. *Shanaghan v. Cahill,* 58 F.3d 106, 110 (4th Cir.1995). In *Shanaghan,* Judge Wilkinson described a two-part test for such situations. "First, the court should look to the face of the complaint itself to determine whether it is a legal certainty that plaintiff's claims do not reach the required amount." *Id.* at 112 (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)). "Unless the claim for an amount over the jurisdictional prerequisite is made in bad faith, or unless it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue, the district court has jurisdiction over the case." *Id.* at 112. Second, if the plaintiff's claims reach the jurisdictional amount, but a subse-

quent event reduces the amount of controversy below the threshold, the court then should exercise its discretion in determining whether to retain the case. "In general, courts should weigh convenience and fairness to both parties, as well as the interests of judicial economy." *Id.* at 112. Specifically, Judge Wilkinson said that courts should consider, among other possible factors, whether the amount claimed was made in good faith, whether the plaintiff will suffer serious prejudice from the dismissal (for example, if the relevant statute of limitations will bar the plaintiff from refiling in state court), and whether much time and energy has already been expended in the federal district court. *Id.* at 112.

(8) On their face, the allegations in the complaint of the corporate plaintiff state claims for more than $50,000 in damages and appear to have been made in good faith. Applying the first prong of the *Shanaghan* test, this Court concludes that those claims, on their face, do not appear, to a legal certainty, to be for less than the threshold amount. Indeed, had the plaintiff corporation secured counsel and had both plaintiffs thereby remained in the case, it would appear that this Court possessed and should have exercised subject matter jurisdiction over the claims of both plaintiffs, since the jurisdictional amount has been present since the institution of this case as to the corporate plaintiff and supplemental jurisdiction has been seemingly available as to the individual plaintiff.[3]

---

2. The individual plaintiff's claims do not, by themselves, reach the $50,000 threshold for diversity jurisdiction. Accordingly, even at the time the complaint was filed, this Court could exercise jurisdiction over the individual plaintiff's claims only because they were joined with the claims of the corporate plaintiff, which themselves, and by themselves, exceeded the threshold. *See* paragraph (2), *supra.*

3. It may be that the corporate plaintiff's *pro se* instituting and filing of this case constituted such an *ab initio* violation of Local Rule 101.1.a. as to cause an absence of diversity subject matter jurisdiction over the plaintiffs' claims. *See Norm's Furniture Sales, Inc. v. Latuch (In re Latuch),* Bankruptcy No. 90–00197, 1991 WL 133413, at *4 n. 2 (Bankr.D.Vt. Feb. 8, 1991). However, that issue need not be reached by this Court at this time since, for reasons stated in this Memo-

randum and Order, this Court has previously dismissed the claims of the corporate plaintiff and is in this Memorandum and Order dismissing the claims of the individual plaintiff, without reaching the merits of any of the claims of either plaintiff. However, this Court does note that supplemental jurisdiction would also be absent *ab initio* in this Court if diversity subject matter jurisdiction over the corporate plaintiffs' claims is nonexistent on an *ab initio* basis. Again, it is to be noted that this Court need not reach that question pertaining to supplemental jurisdiction over the individual plaintiff's claims in view of the determination made in this Memorandum and Order in connection with all claims of plaintiff against both defendants. *See, generally, Schaefer v. Aetna Life & Casualty Co.,* 910 F.Supp. 1095, 1101–04 (D.Md.1996) (Kaufman, J.).

226

■ (9) After this Court dismissed the plaintiff corporation, however, the amount in controversy, represented by the claims of only the individual plaintiff, dropped below the $50,000 threshold. The individual plaintiff has alleged only $21,899.41, plus interest,[4] in damages. He has also demanded $150,000 to be put in escrow to cover certain legal expenses, but for several reasons, this Court concludes that, to a legal certainty, those claims are not recoverable and do not propel plaintiff over the jurisdictional threshold. First, the figure seems to be designed to cover anticipated future legal expenses, and plaintiffs have not alleged any amount of fees which has actually been incurred on behalf of either or both of them. Second, and more fundamentally, attorney's fees are not generally recoverable in the absence of authorization by statute or contract. *Alyeska Pipeline Service Co. v. The Wilderness Society*, 421 U.S. 240, 257, 95 S.Ct. 1612, 1621, 44 L.Ed.2d 141 (1975). This Court is aware of no statute that would allow the individual plaintiff to recover attorney's fees for his common law claims, and the record contains no indication of any contractual basis for such a claim for fees. Third, the individual plaintiff, who is not a lawyer, would not seem to be able to submit a claim for attorney's fees where he is acting *pro se*. *See Kay v. Ehrler*, 499 U.S. 432, 435, 111 S.Ct. 1435, 1436, 113 L.Ed.2d 486 (1991) (agreeing with proposition that "a *pro se* litigant who is not a lawyer is not entitled to attorney's fees" under 42 U.S.C. § 1988).

(10) Accordingly, this Court has discretion to decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c). After consideration of the factors outlined in *Shanaghan*, this Court will exercise that discretion and dismiss the individual plaintiff's claims in the within case. Although both plaintiffs apparently filed their complaint in good faith, this Court sees little if any prejudice to the individual plaintiff in dismissing his claims in this case and allowing him, if he chooses, to pursue those claims in state court.[5] This Court notes that this case is at a relatively early stage and that discovery has not yet begun. This Court also notes that, by failing to respond to defendant's motion to dismiss, plaintiff has suggested that he might be abandoning his claims in federal court. Finally, since the individual plaintiff apparently is president of the dismissed corporate plaintiff, he seemingly could have, if he had wished, obtained counsel to represent the corporation and pursued this case in this federal district court with both himself and the company as plaintiffs.

(11) Defendant Binder's motion to dismiss is hereby granted. In addition, the individual plaintiff's claims are dismissed, for the same reasons as defendant Binder's motion is so granted, as to all defendants in this case. Judgments for defendants will be entered in an Order of even date herewith as to the individual plaintiff's claims.

(12) Copies of this Memorandum and Order and of the said separate Order are today being mailed to counsel of record and to plaintiff.

(13) It is so ORDERED.

## ORDER

Judgments are hereby entered for all defendants in this case as to the claims of the individual plaintiff. Since the corporate plaintiff's allegations have been previously dismissed, the Clerk is directed to close the Court file in this case. It is so Ordered.

---

4. Interest and costs are not included in determining whether diversity jurisdiction exists. 28 U.S.C. § 1332(a), which provides that the $50,000 amount is to be computed "exclusive of interest and costs."

5. No statute of limitations would appear to bar such a state court action, since apparently the events upon which plaintiffs state their claims occurred no earlier than 1994 and Maryland's three-year limitations period would seemingly be applicable. *See* Md.Cts. & Jud.Proc. § 5–101 (1995).