**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HAROLD K. BELL,
Plaintiff-Appellant,

v.

MARYLAND STATE LOTTERY; TOM
SKARZYNSKI; CARROLL HYNSON;
WILLIAM W. SALTZMAN; ALFIE PENN;                              No. 97-2339
PAULA MOORE,
Defendants-Appellees,

and

CARROLL BENNETT,
Defendant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-97-2793-MJG)

Submitted: May 19, 1998

Decided: September 4, 1998

Before WIDENER and ERVIN, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Corinne G. Rosen, NATIONAL LEGAL FOUNDATION, P.A.,
Greenbelt, Maryland, for Appellant. J. Joseph Curran, Jr., Michelle N.

Levister, OFFICE OF THE ATTORNEY GENERAL OF MARY-
LAND, Baltimore, Maryland; Raymond F. Altman, Lynn Weinberg,
FREISHTAT & SANDLER, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Harold Bell, the president of H.B. Sports Promoting & Marketing,
Inc., filed a state law breach of contract claim on behalf of H.B.
Sports Promotion & Marketing, Inc. The district court dismissed the
claim without prejudice under a local rule which requires corporations
to be represented by an attorney. On appeal, Bell alleges that his com-
plaint stated a valid breach of contract claim and thus the district court
erred in summarily dismissing the claim.

Rule 83 of the Federal Rules of Civil Procedure authorizes district
courts to make and amend rules, not inconsistent with the Federal
Rules of Civil Procedure, governing practices within the district court.
Local Rule 101.1.a for the District of Maryland prohibits a corpora-
tion from representing itself. See Jones v. Dacosta, 930 F. Supp. 223,
224 (D. Md. 1996). Bell does not challenge the validity of this rule,
and the rule is not inconsistent with the Federal Rules of Civil Proce-
dure or any federal statute. See White v. Raymark Indus., Inc., 783
F.2d 1175, 1177-78 (4th Cir. 1986). Accordingly, we find no error in
the district court's dismissal of the breach of contract claim Bell filed
on behalf of H.B. Sports Promoting & Marketing, Inc. We deny coun-
sel's motion to withdraw and dispense with oral argument because the
facts and legal contentions are adequately presented in the materials
before the court and argument would not aid the decisional process.

AFFIRMED