■ BUILTLAND PARTNERS et al., Respondents, v COORDINATED METALS, INC., Appellant.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered January 9, 1990, which denied defendant's motion to dismiss the complaint based on failure to prosecute pursuant to CPLR 3216, unanimously affirmed, without costs.

Plaintiffs commenced this action alleging that they are the owners of a certain bronze revolving door and the ancillary trim material which were delivered to and accepted by defendant. They argued that defendant's failure to return the property after demand constituted a breach of bailment and defendant's failure to safeguard the property constituted negligence, to plaintiffs' detriment. Defendant denied the allegation of the complaint and asserted, *inter alia,* the affirmative defense of plaintiffs' culpability. Plaintiffs thereafter moved for summary judgment, which motion was denied.

Thereafter, on April 10, 1989, defendant served a 90-day notice upon plaintiffs' attorneys pursuant to CPLR 3216. On September 22, 1989, defendant served a notice to dismiss for failure to respond. Prior to the return date of the motion, which had to be adjourned, plaintiff filed and served a note of issue and certificate of readiness. In its affidavit in opposition

to this motion, an affidavit was submitted by a former legal assistant with plaintiffs' law firm who stated that she did not follow the normal procedure in handling 90-day notices since she believed the case had been settled and closed. She claimed to have confused this action with another with the same first name, the same insurance carrier and similar file numbers. This error, it was alleged, was not discovered until receipt of the motion to dismiss. Plaintiff also submitted an affidavit from an employee of plaintiff setting forth the delivery of the materials, the failure to return same and the amount of damages sustained. Also submitted were a copy of the examination before trial of defendant's vice-president and other documentary evidence. The court denied the motion to dismiss and ordered counsel to appear for trial.

Contrary to defendant's contentions, the court correctly denied the motion to dismiss. CPLR 3216 (e) provides that a motion to dismiss for failure to prosecute may be granted "unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action." In the instant case, dismissal is not warranted because a "credibly meritorious claim can be gleaned from the record" *(Holdorf v Oneonta Urban Renewal Agency,* 99 AD2d 865, 867). The affidavit and exhibits submitted were sufficient. Further, as there was no particular prejudice to defendant, the denial of the motion was not an abuse of discretion *(Epstein v Lenox Hill Hosp.,* 108 AD2d 616, 617). Concur—Rosenberger, J. P., Kassal, Wallach, Smith and Rubin, JJ.