■ HENRY TRAKTMAN, Respondent, v CITY OF NEW YORK, Appellant.—In an action to recover damages for breach of contract, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated June 21, 1991, which affirmed an order of the Civil Court, Kings County (Fuchs, J.), entered July 6, 1990, which denied the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (3).

Ordered that the order is affirmed, with costs.

Metropolitan Heat and Power Company, Inc., assigned to the plaintiff, its employee, a claim for $12,000 against the defendant. Thereafter, the plaintiff commenced this action to recover on the claim. The defendant moved to dismiss the complaint, claiming that the assignment violated Judiciary Law § 489 and CPLR 321 (a). The Supreme Court denied the motion and the Appellate Term affirmed.

We find that the defendant's motion was properly denied. Judiciary Law § 489 prohibits individuals who are directly or indirectly engaged in the business of collection and adjust-

ment of claims from taking an assignment for the purpose of bringing an action. Despite the fact that the plaintiff has commenced litigation on several assigned claims, the evidence presented fails to establish that the plaintiff is engaged in the business of collecting claims or that the plaintiff took the assignment for the purpose of bringing an action.

Further, the assignment does not violate CPLR 321 (a), which prohibits a corporation from appearing *pro se*. We find that the statutory prohibition does not extend to an assignee of a corporation, despite the fact that the assignment may have been made to circumvent the statutory prohibition against a corporation appearing *pro se (see, Medical Facilities v Pryke,* 172 AD2d 338; *Kamp v In Sportswear,* 39 AD2d 869, *revg* 70 Misc 2d 898, *on dissenting opn at App Term).*

Thus, we conclude that the assignment was valid, and the defendants' motion was properly denied. Thompson, J. P., Lawrence, Miller and Ritter, JJ., concur.