■ ROBIN WEPPLER, Appellant, et al., Plaintiff, v PRETIUM ASSOCIATES et al., Respondents, et al., Defendant. [666 NYS2d 643] —Order, Supreme Court, New York County (Leland De-Grasse, J.), entered October 30, 1996, which granted the motion of defendants Pretium Associates, East 86th Street Partners and Citadel Management, Inc. (defendants) and dismissed the complaint for failure to prosecute, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the complaint reinstated.

The complaint alleges that plaintiffs sustained property damage, personal injuries, loss of income and severe emotional distress as a result of water seepage into their apartment. The action was commenced on March 28, 1990, and issue was joined

on October 23, 1990. An amended complaint was served on or about December 13, 1990, to which defendants served an answer on February 6, 1991. On or about February 11, 1991, defendants served a demand for a bill of particulars, a notice of deposition and other discovery demands. On January 6, 1992, plaintiffs served a verified bill of particulars, but provided no expert witness information, collateral source information, medical reports or medical and other authorizations, as demanded by defendants. In February, 1992, plaintiffs served upon defendants a notice of examination before trial, combined demands, a notice of discovery and inspection and a demand for a bill of particulars.

The case remained essentially dormant until November 6, 1995, when defendants served a 90-day notice upon plaintiffs pursuant to CPLR 3216 (b) (3). Plaintiffs purchased an index number and filed a note of issue, a statement of readiness and an affirmation of compliance. Defendants then made the subject motion for an order vacating the note of issue and certificate of readiness and dismissing the action based upon plaintiffs' failure to prosecute. In accordance with *Wilmet v New Holland Div.* (145 AD2d 765, *lv denied* 73 NY2d 709), Supreme Court granted the motion, finding that plaintiffs' misrepresentation that all outstanding discovery had been completed rendered the certificate of readiness a nullity.

It appears that the parties have been less than attentive to this matter. However, to defeat a motion for dismissal pursuant to CPLR 3216, a party must demonstrate both a justifiable excuse for the delay and the merit of the action (*CIC Intl. v Swiss Bank Corp.*, 121 AD2d 219, 220). With respect to plaintiff-appellant, the record reflects a series of misfortunes that furnish an excuse for her inattentiveness. Her affidavit in opposition to defendants' motion states that she was "required to undergo two surgical procedures for a broken leg" as well as surgery for an abdominal condition. Her father, the other plaintiff to this lawsuit, devoted his time to caring for her elderly mother, who suffers from Parkinson's disease. It is clear that he has been in failing health during the pendency of this action, having undergone coronary bypass surgery and suffered a stroke since 1994. In addition, plaintiff-appellant submitted an affidavit detailing the damage to her apartment and a stipulation granting her a rent abatement. Therefore, a " 'credibly meritorious claim can be gleaned from the record' " (*Builtland Partners v Coordinated Metals*, 166 AD2d 276, 277, quoting *Holdorf v Oneonta Urban Renewal Agency*, 99 AD2d 865, 867). Finally, defendants allege no particular prejudice

that they have sustained as a result of the delay in this case (*see, Dougherty v City of Rye*, 63 NY2d 989, 991). Concur— Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.