■ ROBERT A. FICALORA, Appellant, v TOWN BOARD GOVERNMENT OF EAST HAMPTON, Respondent, et al., Defendant. [714 NYS2d 353] —In an action, *inter alia,* for a judgment declaring that the title to certain property held by the defendant Sunbeach Montauk II, Inc., is invalid, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 1, 1999, which denied his motion for the court to recuse itself, and granted the cross motion of the defendant Town Board Government of East Hampton to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter on the issue of recusal (*see, People v Moreno,* 70 NY2d 403, 405; *Fisk v Slye,* 234 AD2d 983; *see also, Colburn v Blum,* 233 AD2d 890). The plaintiff failed to demonstrate that the Supreme Court erred in refusing to recuse itself from the case. The plaintiff's dissatisfaction with the Supreme Court's act of striking two provisions for temporary restraining orders contained in a previous order to show cause, standing alone, is insufficient to demonstrate a basis for recusal.

The Supreme Court also properly dismissed the complaint. CPLR 321 (a) provides, with exceptions not applicable here, that a corporation or voluntary association shall appear by an attorney. A corporation can validly assign a claim, even if the assignment is undertaken to circumvent the statutory prohibition against a corporation appearing for itself (*see, Traktman v City of New York,* 182 AD2d 814, 815; *Medical Facilities v Pryke,* 172 AD2d 338). In this case, however, there was no valid assignment, as the complaint expressly stated that the plaintiff, who is not an attorney, was designated to represent the corporation before the court for the purposes for which the corporation was established (*see,* CPLR 321 [a]; *see also, Montauk Friends of Olmsted Parks v Brooklyn Historical Socy.,* 95 NY2d 821; *Matter of Ficalora v Planning Bd.,* 94 NY2d 891; *Hilton Apothecary v State of New York,* 89 NY2d 1024). Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.