■ JONATHAN KINLAY et al., Appellants, v RONALD HENLEY et al., Respondents, et al., Defendants. [868 NYS2d 62]—

The individual plaintiff is the owner and chief executive officer of the corporate plaintiff. Two months after plaintiffs' attorney was relieved by the court, defendants moved to dismiss the claims of the corporation pursuant to CPLR 321 (a), which requires a corporation to appear by an attorney. The corporation then assigned all of its claims in the action to the individual plaintiff, admittedly to evade CPLR 321 (a), a perfectly legitimate tactic (*Kamp v In Sportswear*, 39 AD2d 869 [1972], *revg on dissenting op at App Term* 70 Misc 2d 898 [1972]; *see also Medical Facilities v Pryke*, 172 AD2d 338 [1991]; *Traktman v City of New York*, 182 AD2d 814 [1992]). Nevertheless, the motion court dismissed the corporation's claims, finding the assignment to be "obviously a ploy" to avoid the law. On appeal, defendants acknowledge that good consideration was given for the assignment and do not otherwise challenge its validity. Instead they appear to argue that the appeal should be dismissed because the corporation fell into default once it purported to maintain the action without counsel, that the motion court's dismissal of the corporation's claims was in effect a default judgment, that no appeal lies from a default judgment, and that the corporation's remedy is to retain counsel and move to vacate its default. The argument is contrary to the above authorities and lacks merit. The individual plaintiff has obtained all of the corporation's claims, and thus CPLR 321 (a) does not apply. Concur—Mazzarelli, J.P., Saxe, Catterson, Renwick and Freedman, JJ.