■ LUIS M. ESPINOZA, Respondent, v 373-381 PARK AVENUE SOUTH, LLC, et al., Appellants, et al., Defendant. [891 NYS2d 355]—

Contrary to the movants' contention, "Entry of a judgment against a party defaulting in appearance is not mandatory" (*Tortorello v Carlin*, 260 AD2d 201, 204 [1999]; *see also Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 504 [1997]). When plaintiff appeared at the hearing, the court had before it the note of issue and the receipt showing that the note had been timely filed, by which point plaintiff had already responded to discovery demands, completed his deposition and submitted to physical examination by defendants.

The nature and degree of the penalty to be imposed on a motion to dismiss for want of prosecution is a matter of discretion with the court (*Palmenta v Columbia Univ.*, 266 AD2d 90, 91 [1999]). CPLR 3216 is an "extremely forgiving" rule that "never requires, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the plaintiff's unreasonable neglect to proceed" (*Davis v Goodsell*, 6 AD3d 382, 383 [2004]). It prohibits dismissal on this ground whenever the plaintiff can show justifiable excuse for the delay and merit to the action (*see* CPLR 3216 [e]; *Di Simone v Good Samaritan Hosp.*, 100 NY2d 632 [2003]).

Plaintiff stated in his certificate of readiness that all "known discovery" was complete. One day later, he filed a notice to depose an additional nonparty. By that point, all other discovery had been completed. This is not like the cases where "CPLR 3216 dismissals have been justified based on patterns of persistent neglect, a history of extensive delay, evidence of an intent to abandon prosecution and lack of any tenable excuse for such delay" (*Schneider v Meltzer*, 266 AD2d 801, 802 [1999]). It appears that plaintiff's omission may have been a mistake, and the minor delay to complete discovery should not require a drastic penalty. Moreover, the complaint and bill of particulars detail plaintiff's claims under the Labor Law and his alleged injuries, so a credibly meritorious claim can be gleaned from the record, and the movants allege no particular prejudice from the delay (*Weppler v Pretium Assoc.*, 245 AD2d 249, 250-251 [1997]). Concur—Gonzalez, P.J., Moskowitz, DeGrasse, Manzanet-Daniels and Roman, JJ.