Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/23/2017 09:14 AM CDT

John Zapata, an individual and as an assignee,
appellant, v. Donald McHugh, an individual,
et al., appellees.

___ N.W.2d ___

Filed March 31, 2017.    No. S-16-511.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.

2. **Corporations: Attorney and Client.** Business entities existing separate from their owners are not their own proper persons who may appear in court without the representation of an attorney.

3. **Attorney and Client.** Persons not licensed to practice law in Nebraska are prohibited from prosecuting an action or filing papers in the courts of this state on behalf of another.

4. ____. Abstractions cannot appear pro se.

5. ____. A layperson's lack of professional skills and ethical obligations imposes undue burdens on opposing parties and the courts.

6. ____. The rule that a layperson cannot appear in court in a representative capacity cannot be circumvented by subterfuge.

7. **Corporations: Assignments: Attorney and Client.** An assignment of a distinct business entity's cause of action to an assignee who then brings such suit requires that the assignee must be represented by counsel and cannot bring such action pro se.

8. ____: ____: ____. To permit a distinct business entity to maintain litigation through the device of an assignment would destroy the salutary principle that a corporation cannot act in legal matters or maintain litigation without the benefit of an attorney.

9. ____: ____: ____. When an assignee brings suit in his or her own name, the assignee is still bound by the business entity's limitation that any legal action arising out of its interests must be represented by counsel.

10. **Actions: Pleadings: Parties.** The character in which one is a party to a suit, and the capacity in which a party sues, is determined from the allegations of the pleadings and not from the caption alone.

Appeal from the District Court for Lancaster County: STEVEN D. BURNS, Judge. Affirmed.

John Zapata, pro se.

No appearance for appellees.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, KELCH, and FUNKE, JJ.

WRIGHT, J.

## NATURE OF CASE

The plaintiff, as both an individual and an assignee, filed an action pro se to recover for wrongs allegedly committed against the assignor, a limited liability corporation (LLC). The district court dismissed the action on the grounds that the plaintiff engaged in the unauthorized practice of law and that the pleadings, accordingly, were a nullity. The district court reasoned that an LLC is an entity incapable of self-representation and that the policy reasons requiring representation by an attorney of such entity's interests cannot be circumvented through the assignment of the business entity's cause of action to a layperson. The plaintiff appeals.

## BACKGROUND

This action was brought pro se by John Zapata. The first pleading in the record is a "Mandatory Disclosure" filed under the caption, "John Zapata, an individual and as an Assignee, Plaintiff, v. Donald McHugh, an individual, et. al., Defendant." The complaint is not in the record, but documents attached to the mandatory disclosure purported to describe $11,100 in lost rent and $21,973.41 in repair costs owed by Lincoln Metal Recycling and Donald McHugh in relation to an address on Saunders Avenue in Lincoln, Nebraska.

At the pretrial conference on April 21, 2016, the court asked the parties to submit a joint pretrial conference order identifying the factual and legal issues to be tried. The court gave the parties 10 days to complete the order. The court, sua sponte, raised the issue whether Zapata could bring an action pro se based upon assignments from corporations on claims those organizations may have. The court gave the parties time to brief the issue.

The parties subsequently submitted a consolidated joint pretrial conference order, which stated that it superseded all prior pleadings in the case. The order stated that the claim was based on the fact that McHugh Metal Brokerage, LLC, vacated premises leased to it by Zapata's assignor, Coljo Investments, LLC (Coljo), the owner of the premises. The pretrial order stated that Zapata was "an individual and an assignee" who filed his complaint pursuant to Neb. Rev. Stat. § 25-302 (Reissue 2016). Zapata alleged that he paid consideration to Coljo in order to collect the alleged debt owed by the defendants.

The parties presented as legal issues whether there was a valid assignment to Zapata, whether Zapata was a real party in interest and had standing to bring the action, and whether the court had jurisdiction over the parties and the subject matter of the action.

As to the underlying merits, the parties stated that the legal issues were whether McHugh Metal Brokerage was liable to Zapata or Coljo arising out of the lease agreement, the nature and extent of any unpaid rentals, and the measure of damages for the reasonable cost for repairs to Coljo's premises.

On May 19, 2016, the district court dismissed the action. The court considered the defendants to have moved for dismissal in the joint pretrial conference order. The court concluded that even if the assignment of any right of action by Coljo to Zapata was effective, Zapata could not proceed pro se with the action on the assigned claims. The court explained that the right to represent oneself pro se, as set forth in Neb.

Rev. Stat. § 7-101 (Reissue 2012), does not extend to the representation of any other person or entity. The court cited to several cases setting forth the general propositions that corporate entities cannot be represented pro se and that this rule cannot be circumvented through an assignment of the corporate claims to a pro se plaintiff.[1]

The court also cited to an unpublished case in Indiana involving Zapata himself, who brought the action as Zapata, doing business as Zapata Collection Services, "'an Individual and as Assignee.'"[2] In that case, the appellate court affirmed the dismissal of Zapata's action. The court held that there was no bona fide assignment, because Zapata and the corporate assignor were inextricably linked; therefore, the alleged assignor of the claim for damages was the real party in interest and, as a corporate entity, was required to be represented by counsel.[3]

While the district court noted that in this case, Zapata did not list Coljo as a party, it found that such fact was not decisive, stating: "[Zapata] may not escape the fact that what he is attempting to litigate is not his claim. It is the claim of another which has merely been assigned to him. This is true even if [Zapata] is the one who will receive the entirety of any recovery."

As for Zapata's claim that he had a right to proceed pro se under Neb. Rev. Stat. § 25-304 (Reissue 2016), the district court stated that while Zapata had a right to bring an assigned

---

[1] See, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20 (2d Cir. 1983); *Bischoff v. Waldorf*, 660 F. Supp. 2d 815 (E.D. Mich. 2009); *In re Thomas*, 387 B.R. 808 (D. Colo. 2008); *People v. Adams*, 243 P.3d 256 (Colo. 2010).

[2] *Zapata v. Ball State University*, No. 18A04-1310-CC-534, 2014 WL 3547028 at *1 (Ind. App. July 18, 2014) (unpublished opinion listed in table at 16 N.E.3d 491 (2014)).

[3] *Id.*

action in his own name, this did not excuse the requirement that an attorney is required when the action derives from a wrong to a corporation. The court concluded that permitting the present action to go forward would unlawfully circumvent § 7-101. The court found the proceedings were a nullity. Zapata appeals.

Zapata has brought similar pro se actions in Nebraska. In *Zapata v. QBE Ins. Co.*,[4] the Nebraska Court of Appeals, in an unpublished opinion, affirmed the dismissal of an action brought by Zapata after being assigned a corporation's claims. The Court of Appeals reasoned in relevant part that although Zapata may have identified himself as both an individual and assignee, his claims were for damages to the corporation. Citing to *Steinhausen v. HomeServices of Neb.*,[5] the Court of Appeals concluded that Zapata could not prosecute any claim on behalf of the corporation, because he was not a licensed attorney.

## ASSIGNMENTS OF ERROR

Zapata assigns as error, summarized and restated, that the district court erred in dismissing his complaint as an individual and as an assignee.

## STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[6]

---

[4] *Zapata v. QBE Ins. Co.*, No. A-15-126, 2015 WL 9487813 (Neb. App. Dec. 29, 2015) (selected for posting to court website).

[5] *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015).

[6] *Anderson v. Wells Fargo Fin. Accept.*, 269 Neb. 595, 694 N.W.2d 625 (2005).

## ANALYSIS

### Layperson Cannot Represent LLC

Zapata does not dispute the general rule that a layperson cannot represent a corporation or other distinct business entity existing legally separate from its owner—including an LLC.[7] The rule that such entities may litigate only through a duly licensed attorney is "venerable and widespread."[8] This rule prohibits even presidents, major stockholders, and sole owners from appearing pro se in relation to causes of action involving the entity's status as a business.[9]

[2] It is well settled that such business entities are artificial persons who cannot appear in their own behalf, but must appear through an agent; thus, they are not their own proper persons who may appear in court without the representation of an attorney.[10] And "because self-representation by unskilled persons usually leads to delay, confusion and other difficulties in the judicial system, the state has no interest in extending the right of self-representation to corporations."[11]

[3] Persons not licensed to practice law in Nebraska are prohibited from prosecuting an action or filing papers in the courts of this state "on behalf of another."[12] Under § 7-101, no such "person" shall practice law in any action or proceeding "to which he is not a party." Neb. Rev. Stat. § 7-110 (Reissue 2012) expands upon the exception to the unauthorized practice of law for persons as a party, stating that plaintiffs shall have the liberty of prosecuting "in

---

[7] See *Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007).

[8] *Jones v. Niagara Frontier Transp. Authority, supra* note 1, 722 F.2d at 22.

[9] See, *Palazzo v. Gulf Oil Corp., supra* note 1; *Steinhausen v. HomeServices of Neb., supra* note 5.

[10] See Annot., 8 A.L.R.5th 653 (1992).

[11] *Id.* at 653.

[12] *Steinhausen v. HomeServices of Neb., supra* note 5, 289 Neb. at 934, 857 N.W.2d at 825.

their proper persons," which we have said means, "'in their own persons.'"[13]

[4] We have explained that an entity is an abstraction, not a person. "'[A]bstractions cannot appear pro se.'"[14] Distinct business entities must appear by counsel or not at all.[15]

[5] We applied this rule most recently in *Steinhausen* to affirm the dismissal of causes of action relating to an LLC's status as a business, brought pro se by the sole owner of the LLC.[16] We noted that the prohibition of the unauthorized practice of law protects citizens and litigants in the administration of justice from the mistakes of the ignorant on the one hand and the machinations of the unscrupulous on the other.[17] A layperson's lack of professional skills and ethical obligations imposes undue burdens on opposing parties and the courts.[18]

[6] We reasoned that while an LLC has the capacity to sue and be sued in its own name, the Legislature's grace in conferring the significant privilege of limited liability "'"'carries with it obligations . . . to hire a lawyer . . . to sue or defend on behalf of the entity."'"'[19] This, we said, is no less true for an LLC with a single owner.[20] And we emphasized that "the rule that a layperson cannot appear in court in a representative capacity cannot be circumvented by subterfuge."[21]

---

[13] *Id.* at 935, 857 N.W.2d at 825.

[14] *Id.* at 936, 857 N.W.2d at 826. See, also, *Niklaus v. Abel Construction Co.*, 164 Neb. 842, 83 N.W.2d 904 (1957).

[15] See *Ginger v. Cohn*, 426 F.2d 1385 (6th Cir. 1970).

[16] *Steinhausen v. HomeServices of Neb., supra* note 5.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 936, 857 N.W.2d at 826, quoting *Smith v. Rustic Home Builders, LLC*, 826 N.W.2d 357 (S.D. 2013). See, also, *Niklaus v. Abel Construction Co., supra* note 14.

[20] *Steinhausen v. HomeServices of Neb., supra* note 5.

[21] *Id.* at 935, 857 N.W.2d at 825.

### MAY ASSIGNEE OF BUSINESS ENTITY'S
### RIGHT OF ACTION PROCEED WITH
### SUCH ACTION PRO SE?

We have said that the assignee of a cause of action is the proper and only party who can maintain the suit thereon.[22] But whether the assignee of a corporation's or other distinct legal entity's cause of action may maintain such action pro se is an issue of first impression for our court.

Zapata reasons that if he is the proper party to this action, he must be able to proceed pro se pursuant to §§ 7-101 and 7-110. However, the weight of authority from other jurisdictions is that an assignment does not erase the requirement that the suit arising from the entity's status as a business must be represented by a duly licensed attorney.[23]

In *Shamey v. Hickey*,[24] the court explained that although the action was brought in the name of the assignee, the assignee had essentially assumed the role of a collection agent, and the corporation was thus able to avoid the need for representation by a member of the bar through the device of selling its claim to the assignee. The court stated that it could not sanction such a convenience and remanded the cause with directions to dismiss the action.[25] The court explained that both collection agencies and individuals engage in the unauthorized practice

---

[22] *Eli's, Inc. v. Lemen*, 256 Neb. 515, 591 N.W.2d 543 (1999).

[23] See, *Palazzo v. Gulf Oil Corp., supra* note 1; *Jones v. Niagara Frontier Transp. Authority, supra* note 1; *Bischoff v. Waldorf, supra* note 1; *Jones v. Dacosta*, 930 F. Supp. 223 (D. Md. 1996); *Mercu-Ray Industries, Inc. v. Bristol-Myers Company*, 392 F. Supp. 16 (S.D.N.Y. 1974); *Curtis v. U.S.*, 63 Fed. Cl. 172 (2004); *Shamey v. Hickey*, 433 A.2d 1111 (D.C. 1981); *Biggs v. Schwalge*, 341 Ill. App. 268, 93 N.E.2d 87 (1950); *Property Exchange & Sales v. Bozarth*, 778 S.W.2d 1 (Mo. App. 1989). See, also, *Roberts v. State, Dept. of Revenue*, 162 P.3d 1214 (Alaska 2007); *Heiskell v. Mozie*, 65 App. D.C. 255, 82 F.2d 861 (1936).

[24] *Shamey v. Hickey, supra* note 23.

[25] *Id.*

of law when they proceed pro se to recover on claims assigned by a corporation.[26]

Similarly, the court in *Bischoff v. Waldorf*[27] held that an action brought pro se in the name of the layperson assignee, alleging various claims relating to wrongs allegedly committed against the assignor corporation, must be dismissed. The court pointed out the "compelling policy reasons" for the rule requiring representation of distinct business entities by attorneys.[28] These included protection of the court and the public from irresponsible behavior of lay advocates. The court noted that the requirement of attorney representation in such actions also protected the various interests of a corporation's managers, workers, investors, and creditors, which interests may not be aligned with the interests of the layperson assignee making the claim.[29] In light of these important policy reasons for requiring attorney representation of claims relating to corporations, the court held that a nonlawyer may not circumvent those policy reasons through an assignment of corporate claims to an individual.[30]

In *Biggs v. Schwalge*,[31] the court affirmed the dismissal of an action brought in the name of the sole stockholder of a corporation and legal assignee of the corporation's cause of action. The record showed that the stockholder had regularly appeared pro se by virtue of his status as assignee. The stockholder attempted to convince the court of his competence in legal representation despite the fact that he was not an admitted member of the bar. The court held that the stockholder was prohibited from proceeding pro se despite the exception

---

[26] *Id.*

[27] *Bischoff v. Waldorf, supra* note 1.

[28] *Id*. at 820.

[29] *Id.*

[30] See *id.*

[31] *Biggs v. Schwalge, supra* note 23.

to the prohibition of the practice of law by laypersons that allows plaintiffs and defendants to defend "in their own proper person."[32] The court noted that "[i]t is a compliment to the profession that it should have this irresistible attraction for some laymen . . . ."[33] Nevertheless, "[a]n assignment cannot be used as a subterfuge to enable plaintiff to indulge his overwhelming desire to practice law, without complying with the requirements for admission to the bar."[34]

One case reaching a different result is *Traktman v. City of New York*,[35] wherein the court held that an action by an assignee to recover damages for breach of contract with the assignor corporation did not violate a statute that prohibited a corporation from appearing pro se, despite the fact that the assignment may have been made to circumvent it. The court did not explain its reasoning. This case has been limited by subsequent case law[36] and cited by other jurisdictions as an outlier.[37]

[7,8] We agree with those cases that hold an assignment of a distinct business entity's cause of action to an assignee who then brings such suit requires that the assignee must be represented by counsel and cannot bring such action pro se. The important policy reasons supporting the rule that corporations and other related legal entities must be represented by an attorney should not be easily circumvented. To permit a distinct business entity to maintain litigation through the device

---

[32] *Id*. at 271, 93 N.E.2d at 88.

[33] *Id.*

[34] *Id.*

[35] *Traktman v. City of New York*, 182 A.D.2d 814, 582 N.Y.S.2d 808 (1992). Compare *Rembrandt Personnel Group Agency v. Van-Go Transport Co., Inc.*, 162 Misc. 2d 64, 617 N.Y.S.2d 258 (1994).

[36] *Rembrandt Personnel Group Agency v. Van-Go Transport Co., Inc., supra* note 35.

[37] See, *In re Parrott Broadcasting Ltd. Partnership*, 492 B.R. 35 (D. Idaho 2013); *In re Thomas, supra* note 1.

of an assignment would destroy the salutary principle that a corporation cannot act in legal matters or maintain litigation without the benefit of an attorney.[38]

[9] An assignee stands in the shoes of the assignor and accepts it subject to all available defenses.[39] The assignment transfers to an assignee only the rights of the assignor.[40] When an assignee brings suit in his or her own name, the assignee is still bound by the business entity's limitation that any legal action arising out of its interests must be represented by counsel.

### Zapata as Individual?

[10] We find no merit to Zapata's argument that because the caption of his action is, "John Zapata, as individual and as an Assignee," he was a party to the suit as an individual who escapes the rules set forth above and who may proceed pro se. We explained in *Steinhausen* that the character in which one is a party to a suit, and the capacity in which a party sues, is determined from the allegations of the pleadings and not from the caption alone.[41] There is nothing in the pleadings indicating that Zapata has an interest in the litigation apart from those derived from his capacity as an assignee. All the allegations concern the relationship between the defendants and the assignor, Coljo.

### Zapata Engaged in Unauthorized Practice of Law

Zapata engaged in the practice of law in bringing this action, and he is a "nonlawyer," as defined by Neb. Ct. R. § 3-1002(A). By bringing the assigned claim of Coljo pro se,

---

[38] *Property Exchange & Sales v. Bozarth, supra* note 23.

[39] See, *Vowers & Sons, Inc. v. Strasheim*, 248 Neb. 699, 538 N.W.2d 756 (1995); *Johnson v. Riecken*, 185 Neb. 78, 173 N.W.2d 511 (1970).

[40] *Ehlers v. Perry*, 242 Neb. 208, 494 N.W.2d 325 (1993).

[41] *Steinhausen v. HomeServices of Neb., supra* note 5.

Zapata engaged in the unauthorized practice of law. We regard the unauthorized practice of law as a serious offense and consider any unauthorized practice a nullity.[42] The district court was correct in dismissing Zapata's action.

## Timeliness of Motion

Given that Zapata's filings before the court were a nullity as a matter of law, we find no merit to Zapata's claims that the issue of his unauthorized practice of law was raised in an untimely manner and that the district court's decision was in error.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

Affirmed.

Stacy, J., not participating.

─────────────

[42] *Kelly v. Saint Francis Med. Ctr.*, 295 Neb. 650, 889 N.W.2d 613 (2017).