Thompson v Beth Israel Med. Ctr. (2019 NY Slip Op 08787)





Thompson v Beth Israel Med. Ctr.


2019 NY Slip Op 08787


Decided on December 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2019

Richter, J.P., Gische, Webber, Gesmer, JJ.


20515/09 -10115B 10115A 10115

[*1] Irie Thompson, etc., Plaintiff-Appellant,
v
Beth Israel Medical Center, et. al., Defendants-Respondents.


Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for appellant.
Harris Beach PLLC, Pittsford (Svetlana K. Ivy of counsel), for Beth Israel Medical Center, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for Montefiore Medical Center and The Jack D. Weiler Hospital of The Albert Einstein College of Medicine, respondents.
Chesney & Nicholas, LLP, Syosset (Stephen V. Morello of counsel), for Terence Cardinal Cooke Health Care Center, respondent.



Appeal from order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about August 10, 2017, which granted defendants' motions to dismiss the complaint for failure to prosecute, and denied plaintiff's motion to vacate the CPLR 3216 notices, deemed an appeal from judgments, same court and Justice, entered on or about September 7, 2017 (CPLR 5520[c]), and, as so considered, said judgments unanimously affirmed, without costs. Appeal from order, same court (Lewis J. Lubell, J.), entered on or about May 1, 2018, which recalled and vacated an order entered on or about October 31, 2017, unanimously dismissed, without costs, as abandoned.
The court providently granted defendants' motions to dismiss this action alleging medical malpractice. Plaintiff failed to show that she did not intend to abandon prosecution of the action, that her history of extensive delay was justified, or that she had a meritorious claim (see CPLR 3216; Mosberg v Elahi, 80 NY2d 941 [1992]; Garofalo v Mercy Hosp., 271 AD2d 642 [2d Dept 2000]; Schneider v Meltzer, 266 AD2d 801, 802 [3d Dept 1999]; compare Espinoza v 373-381 Park Ave. S., LLC, 68 AD3d 532 [1st Dept 2009]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 5, 2019
CLERK