Matter of Nieblas-Love v New York City Hous. Auth. (2023 NY Slip Op 00240)

Matter of Nieblas-Love v New York City Hous. Auth.

2023 NY Slip Op 00240

Decided on January 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 19, 2023

Before: Renwick, J.P., Webber, Moulton, González, Rodriguez, JJ. 

Index No. 100176/20 Appeal No. 17123 Case No. 2022-00145 

[*1]In the Matter of Pedro D. Nieblas-Love, et al., Petitioners-Appellants,
v
New York City Housing Authority et al., Respondents-Respondents.

Pedro D. Nieblas-Love, appellant pro se and for Blanco's Enterprises Group, Inc., appellants.
David Rohde, New York (Byron S. Menegakis of counsel), for respondents.

Order, Supreme Court, New York County (Erika M. Edwards, J.), entered on or about November 18, 2021, which, insofar as appealed from as limited by the briefs, denied petitioners' motion pursuant to CPLR 5015(a)(3) to vacate a prior order and judgment, same court and Justice, entered on or about July 8, 2021, denying the petition to, among other things, annul a determination of respondent New York City Housing Authority (NYCHA) which found that bids submitted by petitioner Blanco's Enterprises Group, Inc. (Blanco) were nonresponsive to NYCHA's requests for quotations, granting respondents' motion to dismiss, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court's July 2021 decision properly found that this proceeding is procedurally barred. The individual petitioner, Pedro D. Nieblas-Love, lacks standing to sue on behalf of the corporate petitioner, Blanco (see Quatrochi v Citibank, 210 AD2d 53, 54 [1st Dept 1994]). Even if Nieblas-Love was "incidentally injured by an injury" to Blanco, that does not give him "standing to sue on the basis of either that indirect injury or the direct injury" to Blanco (Patterson v Calogero, 150 AD3d 1131, 1133 [2d Dept 2017]). The court also properly found that Blanco failed to "appear by attorney" in violation of CPLR 321(a). While a corporation may assign its claims to an individual plaintiff "to evade CPLR 321(a)," which is "a perfectly legitimate tactic" (Kinlay v Henley, 57 AD3d 219, 220 [1st Dept 2008]), the purported assignment in this particular case was ineffective to do so because it expressly stated that it did not assign any of Blanco's claims to Nieblas-Love.
In any event, the court properly found that petitioners failed to exhaust their administrative remedies, since they commenced this proceeding before the agency issued its final determination. Petitioners fail to establish that an exception to the exhaustion requirement is applicable on the grounds that exhaustion would be futile or that they would suffer irreparable harm. Their contention that they are challenging an unconstitutional action is equally unavailing (see Martinez 2001 v New York City Campaign Fin. Bd., 36 AD3d 544, 549 [1st Dept 2007]). Alternatively, even if this proceeding were not procedurally barred, the court properly rejected petitioners'
arguments in support of their CPLR 5015(a)(3) motion (see e.g. Woodson v Mendon Leasing Corp., 100 NY2d 62, 70 [2003]; Weinstock v Handler, 251 AD2d 184, 184 [1st Dept 1998], lv dismissed 92 NY2d 946 [1998]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2023