# IN THE COURT OF APPEALS OF IOWA

No. 24-0377
Filed December 18, 2024

**PHILLIP D. GREER,**
        Plaintiff-Appellant,

**vs.**

**TAILOR MAID SERVICES, LLC, DONNETTE SMITH, STEWART SMITH and TOM DIEDRICH,**
        Defendants-Appellees.

_____

        Appeal from the Iowa District Court for Linn County, Justin Lightfoot, Judge.

        A self-represented litigant appeals a district court grant of summary judgment to defendants on claims arising from failed negotiations between two business entities. **APPEAL DISMISSED.**

        Phillip D. Greer, Cedar Rapids, self-represented appellant.

        Austin G. Collins and Jeffrey P. Taylor of Klinger, Robinson & Ford, LLP, Cedar Rapids, for appellees.

        Considered by Schumacher, P.J., and Buller and Langholz, JJ. Chicchelly, J., takes no part.

**SCHUMACHER, Presiding Judge.**

Phillip Greer, former owner of Greer Cleaning, LLC, (Greer Cleaning) appeals a district court order granting summary judgment to defendants Donnette and Stewart Smith, the former owners of Tailor Maid Services, LLC, (Tailor Maid) in their individual capacities. We conclude that Greer in his individual capacity does not have a specific, personal, and legal interest in this litigation, and therefore he lacks standing to bring these claims.

## I.      Background Facts and Proceedings

In August 2019, Greer initiated the current lawsuit against defendants Tailor Maid, a Texas company, and the Smiths, both Texas residents. Included as plaintiffs were Greer Cleaning, an Iowa limited liability company, and the company's co-owner Richard Greer. All filings were signed and submitted by only Phillip Greer. But because Phillip Greer is a self-represented litigant and not licensed to practice law in Iowa, the district court notified plaintiffs that Iowa law does not permit Phillip Greer to represent either Greer Cleaning or Richard Greer. *See Hawkeye Bank & Tr. v. Baugh*, 463 N.W.2d 22, 25 (Iowa 1990) (ruling that businesses litigating in Iowa must generally be represented by a licensed attorney); *accord Liberko v. Rath*, No. 21-0899, 2022 WL 2348150, at *1 n.1 (Iowa Ct. App. June 29, 2022).

In June 2020, the parties took two notable actions. First, Phillip Greer moved to dismiss Richard Greer and Greer Cleaning as plaintiffs. Second, Tailor Maid and the Smiths made a special appearance and moved to dismiss for lack of personal jurisdiction. The district court found: Iowa courts did not have personal jurisdiction over the defendants; the plaintiffs—Phillip Greer, Richard Greer, and

Greer Cleaning—"did not suffer harm or an injury to have standing to bring suit against the Defendants"; and a letter of intent between Greer Cleaning and Tailor Maid did not create an enforceable contract. The district court then dismissed the action and concluded it was unnecessary to rule on Phillip Greer's motion to dismiss the other two defendants.

The plaintiffs appealed. Their challenge to the district court's findings on personal jurisdiction, standing, and contract formation was submitted to this court. *See Greer v. Tailor Maid Servs., LLC.*, No. 20-1055, 2021 WL 3894487 (Iowa Ct. App. Sept. 1, 2021). Acknowledging the three issues, we concluded personal jurisdiction was dispositive. *Id.* at *1. We found plaintiffs successfully established specific personal jurisdiction over Tailor Maid and the Smiths "in their capacity as owners and/or representatives of Tailor Maid." *Id.* at *5. Accordingly, we reversed that portion of the district court order that concerned the Smiths in their business capacities and remanded for further proceedings. *Id.* But, because we determined "[n]othing in [plaintiffs'] petition suggests that the Smiths were sued in their individual capacities . . . [w]e affirm[ed] the dismissal of the Smiths in their individual capacities." *Id.* District court proceedings thereafter resumed.

In July 2023, Phillip Greer filed an unopposed amended complaint, identifying himself in his individual capacity as the only plaintiff.[1] The amended complaint again identified the defendants as Tailor Maid, Donnette Smith, and

---

[1] A pleading filed by Greer in August 2022 states: "Plaintiff Greer Cleaning LLC was dissolved in the State of Iowa effective September 20, 2021." Greer then asserted, "[s]ince Greer Cleaning is no longer a legal entity, Plaintiff asserts that no appearance is required or can be made for this entity whether with or without counsel." As discussed below, Greer's assertion is not supported by Iowa law on a limited liability company's capacity to sue and be sued post-dissolution.

Stewart Smith. It also added an allegation that Tailor Maid is the alter ego of the Smiths and asked the district court to apply the doctrine of piercing the corporate veil. The amended complaint included five charges against the defendants: count I, breach of contract; count II, failure to perform a contract in good faith; count III, negligent misrepresentation; count IV, fraudulent misrepresentation; and count V, fraudulent conveyance. The Smiths answered the amended complaint, but Tailor Maid did not respond. Default judgment was entered against Tailor Maid.[2]

By December 2023, the Smiths and Greer had filed cross-motions for summary judgment. Greer sought summary judgment as to the alter ego claim, the liability of the "Defendants" on all causes of action, and the damages owed on each. In their motion, the Smiths claimed they could not be personally liable due to the law of the case, that insufficient evidence existed to hold them personally liable through the doctrine of piercing the veil, and that Greer established no damages.

The district court granted the Smith's motion on all claims against them in their individual capacity. Greer appeals the district court's grant of summary judgment in favor of the Smiths in their personal capacity.

## II. Analysis

At the outset, we address whether we have jurisdiction to hear this matter. "An appellate court has responsibility sua sponte to police its own jurisdiction."

---

[2] The proceedings against Tailor Maid remain ongoing, and a jury trial to determine damages as to the claims against the company has been scheduled. The district court below therefore determined that because damages against Tailor Maid will be addressed in a separate proceeding, "the only claims that need[ed] to be addressed in [its] ruling are claims against [the Smiths] personally."

*Crowell v. State Pub. Def.*, 845 N.W.2d 676, 681 (Iowa 2014). Standing falls into this category: "Standing is jurisdictional." *Iowa Citizens for Cmty. Improvement v. State*, 962 N.W.2d 780, 794 (Iowa 2021). And so, "parties cannot bind us by an agreement that standing exists." *Id.*; *see also Rieff v. Evans*, 630 N.W.2d 278, 285 (Iowa 2001) (noting that if the supreme court had thought it "lacked jurisdiction because of standing" in a prior case, the court "could have raised that on [its] own motion, even if it was not an issue before" the court).[3]

Whether a complaining party has standing to bring a lawsuit "is separate from, and precedes, the merits of a case." *Iowa Citizens*, 962 N.W.2d at 790. "Our test for standing is that the complaining party must (1) have a specific, personal, and legal interest in the litigation and (2) be injuriously affected." *Birkhofer ex rel. Johannsen v. Birkhofer*, 610 N.W.2d 844, 847 (Iowa 2000).

"[I]n Iowa, as elsewhere, a limited liability company is a legal entity distinct from its members." *Taylor v. Hogan*, No. 12-0898, 2013 WL 1749777, at *7 (Iowa Ct. App. Apr. 24, 2013); Iowa Code § 489.104(1) (2019). Limited liability companies must be represented by a licensed attorney in judicial proceedings. C*ompare Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) (recognizing the rationale for rules requiring corporations to be represented by

---

[3] We recognize before its modern approach of treating standing as jurisdictional, the supreme court repeatedly held that standing is not an issue of subject matter jurisdiction and thus "must be raised from the outset in order to preserve error." *Richards v. Iowa Dep't of Revenue*, 414 N.W.2d 344, 349 (Iowa 1987); *see, e.g.*, *In re Tr. of Rothrock*, 452 N.W.2d 403, 405 (Iowa 1990); *Cole v. City of Osceola*, 179 N.W.2d 524, 527–28 (Iowa 1970). Even though the supreme court has not expressly overruled these cases, we see no way to follow them while still abiding by the court's more recent conclusion that "[s]tanding is jurisdictional" and cannot be agreed to by a party's advocacy choices. *Iowa Citizens*, 845 N.W.2d at 681. We thus follow the more recent precedent.

counsel "applies equally to all artificial entities"), *with Hawkeye Bank & Tr.*, 463 N.W.2d at 25 (reasoning corporations must be represented by counsel because "when a business accepts the advantages of incorporation, it must also bear the burdens, including the need to hire counsel to sue or defend in court" (quoting *Woodford Mfg. Co. v. A.O.Q., Inc.*, 772 P.2d 652, 654 (Colo. App. 1988))), *and* Iowa Code § 489.104(1) (establishing LLCs as artificial entities distinct from their members), *and id.* § 489.304 (shielding members and managers of LLCs from liability for the business's dealings). Even after dissolution, the legal entity remains for winding up purposes and maintains its capacity to pursue legal interests through judicial proceedings. Iowa Code § 498.702(2)(b)(3).

An individual who is not authorized to practice law does not obtain a specific, personal, and legal interest in litigation "when a business attempts to circumvent the rules requiring corporate representation by assigning its interests to a shareholder, who then proceeds pro se." *Iowa Sup. Ct. Comm'n on the Unauthorized Prac. of L. v. Sullins*, 893 N.W.2d 864, 875 (Iowa 2017) (discussing how the issue of unauthorized practice of law often arises); *see, e.g., Sagorin v. Sunrise Heating and Cooling, LLC*, 506 P.3d 1028, 1033 (Mont. 2022); *see also Kumaran v. Nat'l Futures Assoc.*, 604 F. Supp. 3d 82, 89 (S.D.N.Y. 2022) (concluding that where the law maintains a dissolved company's distinct legal entity and capacity to sue for the purpose of winding up, dissolution of a limited liability company did not make the former sole member an appropriate plaintiff to pursue a claim belonging to the former company but was instead an attempt to circumvent prior rulings that the company must be represented by counsel); *cf. Hawkeye Bank & Tr.*, 463 N.W.2d at 25 (declining to adopt the "reverse pierce"

doctrine that would allow shareholders to claim a personal interest in a company's litigation interests through an alter-ego theory); *Zapata v. McHugh*, 893 N.W.2d 720, 727 (Neb. 2017) (surveying cases from other jurisdictions and agreeing that "an assignment of a distinct business entity's cause of action to an assignee who then brings such suit requires that the assignee must be represented by counsel and cannot bring such action pro se").

The claims against the Smiths arose out of the business dealings between Tailor Maid and Greer Cleaning for the purpose of negotiating Greer Cleaning's potential purchase of Tailor Maid's assets. Greer admits the letter of intent was between the two businesses. So negotiations to buy Tailor Made were undertaken by Greer Cleaning, not Greer personally. Any injury from the breakdown of those negotiations would have been inflicted on Greer Cleaning, not Greer personally. Similarly, the only reasonable inference that can be drawn from the evidence is that if a contract for the sale of Tailor Maid had been formed, such contract would be between Tailor Maid and Greer Cleaning. And as for any injury from the alleged negligent misrepresentation, fraudulent misrepresentation, or fraudulent transfer, such injury would also have been inflicted on Greer Cleaning, not Greer personally. The claims charged against Tailor Maid and the Smiths belong to Greer Cleaning, not Greer personally.

Greer cannot use dissolution and assignment of interests to circumvent well-established Iowa law requiring distinct business entities to be represented by licensed attorneys.[4] *See Sullins*, 893 N.W.2d at 875 ("A nonlawyer cannot use an

---

[4] The record contains several documents indicating such intent, including a document titled "Assignment of Interest," which was dated June 8, 2020. The

assignment as a subterfuge to enable a party to indulge his overwhelming desire to practice law, without complying with the requirements for admission to the bar." (cleaned up); *accord Zapata*, 893 N.W.2d at 225; *see also Sagorin*, 506 P.3d at 1033 ("The assignment of legal claims from [a limited liability company] to a sole member does not confer standing on the member to assert those claims as a self-represented litigant, nor does it allow an LLC to sidestep the longstanding rule that corporate entities cannot appear through an individual member."); *cf. Timberline Driscoll v. T.R. White Co.*, 805 N.E.2d 482, 483 (Mass. 2004) (holding a corporation's sole shareholder cannot assign the corporation's legal claims to herself to avoid Massachusetts's "well-established rule" that requires corporations appearing in court to be represented by attorneys). Dissolution and assignment does not give Greer a specific, personal, and legal interest in this litigation.

Nothing in the record suggests that Greer personally has an interest in this litigation. The attempted assignment does not overcome this deficiency. Thus, Greer lacks standing to personally pursue these claims.[5] Accordingly, we dismiss the appeal.

**APPEAL DISMISSED.**

---

purported assignment specifically assigns only the company's "rights, claims and awards" against the named defendants to the original complaint here. It was only six day earlier, on June 2, that the district court for the first time issued an order instructing the plaintiffs that Phillip Greer was not permitted to represent Greer Cleaning, which as an LLC must be represented by an attorney.

[5] Our decision aligns with those from our sister state courts holding that an LLC member lacks standing to personally sue for injuries sustained by the LLC alone. *See, e.g., Sagorin*, 506 P.3d at 1033; *Turner v. Andrew*, 413 S.W.3d 272, 276 (Ky. 2013); *O'Reilly v. Valletta*, 55 A.3d 583, 587–88 (Conn. App. Ct. 2012); *Krueger v. Zeman Constr. Co.*, 758 N.W.2d 881, 890 (Minn. Ct. App. 2008). *But cf. Zapata*, 893 N.W.2d at 727–28 ("An assignee stands in the shoes of the assignor and accepts it subject to all available defenses. . . . When an assignee

brings suit in his or her own name, the assignee is still bound by the business entity's limitation that any legal action arising out of its interests must be represented by counsel.").