Allyn v Wings Air Helicopters, LLC (2025 NY Slip Op 50707(U))

[*1]

Allyn v Wings Air Helicopters, LLC

2025 NY Slip Op 50707(U)

Decided on April 29, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 29, 2025
Supreme Court, Westchester County

Glenn B. Allyn (AS THE ASSIGNEE, of the Rights and Interests of SG Helicopter Holdings, LLC and SG Helicopter Training, LLC), Plaintiff,

against
Wings Air Helicopters, LLC, Defendant.

Index No. 76890/2024

Glenn B. Allyn
Porzio, Bromberg et al. 
Attorneys for Defendants
1675 Broadway, Suite 1810 
New York, New York 10019

Linda S. Jamieson, J.

The following papers numbered 1 to 5 were read on this motion:
Paper Number
Memorandum of Law 2
Affidavit and Exhibits in Opposition 3
Memorandum of Law in Opposition 4
Reply Memorandum of Law 5
Defendant brings its motion seeking to dismiss the complaint in this breach of contract action. The sole basis for the motion is defendant's assertion that plaintiff is perpetrating a sham upon the Court by assigning the claims of SG Helicopter Holdings, LLC and SG Helicopter Training, LLC (the SG Companies") to himself so that he can appear pro se on their behalf. 
Specifically, defendant argues that "the purported 'assignment' to Allyn should be set aside as an unlawful effort to run afoul of Allyn's disbarment and prohibition on appearing in court for any other LLC, even if he owns the LLC." Defendant asks that the complaint, "signed by Allyn as a pro se assignee, should be dismissed without prejudice to the LLCs refiling suit through a licensed attorney admitted to practice in this state."
In support of its motion, the only case that defendant cites is not on point. In that case, [*2]although the pro se plaintiff was also a disbarred attorney, that is where the similarities end. The assigned claim in that case could not be assigned without statutory permission under applicable Pennsylvania law, and there was no such statute. Moreover, the terms of that plaintiff's disbarment are distinguishable. The Court held that "Feingold is a disbarred attorney who is prohibited from having any contact with previous clients. As the District Court deduced, Feingold could not have obtained a signed contract from McAteer without having had any contact with her." Feingold v. Palmer & Barr, 831 F. App'x 608, 609—10 (3d Cir. 2020). 
Defendant has not cited to any other case on point, and research has not revealed any such cases. Given that it is "perfectly legitimate" for a corporation to assign its claims to an individual, Kinlay v. Henley, 57 AD3d 219, 220, 868 N.Y.S.2d 62, 63 (1st Dept. 2008), which is what the SG Companies did here, there appears to be no basis for the motion to dismiss. See, e.g., Ficalora v. Town Bd. Gov't of E. Hampton, 276 AD2d 666, 666, 714 N.Y.S.2d 353, 354 (2d Dept. 2000) ("A corporation can validly assign a claim, even if the assignment is undertaken to circumvent the statutory prohibition against a corporation appearing for itself."); Nieblas-Love v. New York City Hous. Auth., 212 AD3d 509, 510, 183 N.Y.S.3d 62, 63, lv. to app. dism., 40 NY3d 973, 219 N.E.3d 360 (1st Dept. 2023) ("a corporation may assign its claims to an individual plaintiff to evade CPLR 321(a), which is a perfectly legitimate tactic.").
Although defendant mentions that there is an arbitration provision, it states that it does so solely to preserve the issue and not waive it. The Court thus does not address this issue. Accordingly, the motion to dismiss is denied. 
The foregoing constitutes the decision and order of the Court.
Dated: April 29, 2025
White Plains, New York
HON. LINDA S. JAMIESON, J.S.C.
Justice of the Supreme Court