Allyn v Wings Air Helicoptors, LLC (2025 NY Slip Op 50957(U))

[*1]

Allyn v Wings Air Helicoptors, LLC

2025 NY Slip Op 50957(U)

Decided on June 10, 2025

Supreme Court, Westchester County

Jamieson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 10, 2025
Supreme Court, Westchester County

Glenn B. Allyn (AS THE ASSIGNEE, Of the Rights and Interests of 
 SG Helicopter Holdings, LLC and SG Helicopter Training, LLC), Plaintiff,

against
Wings Air Helicoptors, LLC, Defendant.

Index No. 76890/2024

Glenn B. Allyn
Porzio, Bromberg et al.
Attorneys for Defendants
1675 Broadway, Suite 1810 
New York, New York 10019

Linda S. Jamieson, J.

The following papers numbered 1 to 3 were read on this motion:
Paper       
Number
Notice of Motion, Affirmation and Exhibits 1
Affidavit and Exhibit in Opposition 2
Reply Affirmation 3
Defendant brings its motion seeking to "renew/reargue its motion to dismiss, and/or to dismiss" the complaint in this breach of contract action. The sole basis for the motion is that "promptly after the Order was issued, plaintiff . . . defiantly wrote me by email, dated May 2, 2025, stating: 'I want to thank you for solidifying my ability to take assignments from any of my companies or any other businesses in the future.' This new evidence, not previously available on the motion to dismiss, unequivocally shows Allyn's unlawful defiance, his unfitness to practice law, and most importantly, his admitted charade in representing himself as a 'pro se' plaintiff in this action and for others whenever he wants to. He shows no respect for the Court's disbarment order and has no compunction to defy it by way of an 'assignment' to himself from others to continue practicing law."
In the Court's previous Decision and Order, it held that "it is 'perfectly legitimate' for a corporation to assign its claims to an individual, Kinlay v. Henley, 57 AD3d 219, 220, 868 [*2]N.Y.S.2d 62, 63 (1st Dept. 2008), which is what the SG Companies did here," so that "there appears to be no basis for the motion to dismiss." The Court noted that defendant had not presented it with any case law that was directly on point. 
Now, on this motion, defendant still fails to present the Court with any case in which a disbarred attorney represented himself in Court; in all of the cases submitted by defendant, the disbarred (or suspended) attorney was assisting with cases for another person. There is thus no basis for the Court to revise its previous Decision and Order
The Court makes no findings about whether plaintiff, acting pro se, may take any assignments from "any other businesses in the future," as this is purely speculative. What is before the Court is this particular matter, where these particular companies, owned by plaintiff, have assigned their claims to him. Unless and until defendant presents the Court with law demonstrating that a disbarred attorney may not appear pro se, the motion is denied in its entirety.
The foregoing constitutes the decision and order of the Court.
Dated: June 10, 2025
White Plains, New York
HON. LINDA S. JAMIESON, J.S.C.
Justice of the Supreme Court