Wah Win Group Corp. v 979 Second Ave. LLC (2026 NY Slip Op 01003)

Wah Win Group Corp. v 979 Second Ave. LLC

2026 NY Slip Op 01003

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

Index No. 155492/17|Appeal No. 5883|Case No. 2024-04467|

[*1]Wah Win Group Corporation, Plaintiff-Appellant,
v979 Second Avenue LLC, et al., Defendants-Respondents.

Williams LLP, New York (T. Edward Williams of counsel), for appellant.
Pilinges Milles Tarallo, Elmsford (Lauren Turkel of counsel), for 979 Second Avenue LLC, respondent.
McManus Ateshoglou Aiello & Apostolakos PLLC, New York (Steven D. Ateshoglou of counsel), for Elias Tsinias, respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about June 14, 2024, which denied plaintiff Wah Win Group Corporation's motion for an extension of time to obtain replacement counsel and to file a note of issue, and granted defendant 979 Second Avenue LLC's cross-motion to dismiss the complaint pursuant to CPLR 3216 (a) for failure to prosecute, unanimously affirmed, without costs.
Plaintiff's motion for an extension of time to retain counsel was properly denied. Plaintiff is a corporation and may not proceed pro se (CPLR 321[a]; see Matter of Nieblas-Love v New York City Hous. Auth., 212 AD3d 509, 510 [1st Dept 2023], lv dismissed 40 NY3d 973 [2023]). There is no evidence that it assigned its claims to its non-attorney manager, who accordingly did not have authority or standing to represent the corporation in court (see id.; Kinlay v Henley, 57 AD3d 219, 220 [1st Dept 2008]). To the extent that plaintiff claims not to have been served with papers by its prior counsel withdrawing from representation, its arguments are conclusory and fail to rebut the presumption of proper service based on the affidavits of service (see Kihl v Pfeffer, 94 NY2d 118, 122 [2009]). Plaintiff's motion is otherwise supported by conclusory, unsupported statements as to why it was unable to retain counsel within statutory and court-imposed deadlines.
In addition, Supreme Court providently granted defendant's cross-motion to dismiss the action (see CPLR 3216; see Baczkowski v Collins Const. Co., 89 NY2d 499, 503 [1997]). Defendant satisfied the prerequisite for a motion pursuant to CPLR 3216 by issuing a 90-day notice, with which plaintiff did not comply (see CPLR 3216[b][3]; Perez v City of New York, 95 AD3d 675, 677 [1st Dept 2012]). Again, to the extent plaintiff claims it was not served with the notice, it fails to rebut the affidavit of service creating a presumption of proper service. Dismissal was a proper remedy because, in opposition to the motion, plaintiff did not demonstrate a lack of intention to abandon prosecution of the action, having failed to sufficiently show that its extensive delay was justified or excused, or that it had a meritorious claim (see Espinoza v 373-381 Park Ave. S., LLC, 68 AD3d 532, 533 [1st Dept 2009]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026